OPINION
{¶ 1} Appellant, Maureen Justice, appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, in a final contested divorce hearing regarding the determination of child support and spousal support and allocation of liabilities.
 {¶ 2} Appellant was married to appellee, Gregory Justice, on June 20, 1992. Appellee works for the Middletown Fire Department and serves in the Air Force Reserves. He earns $66,000 per year working for the fire department and $18,000 per year as a *Page 2 
reservist. Appellant has a master's degree in business and certification in project management. She worked for NCR Corporation for 16 years. In 1997, she earned $140,000 with NCR. The parties adopted two children during their marriage. When the children were adopted, appellant began to scale back her employment. During the time between the adoption of the first child and the adoption of their second child, appellant worked a 40-hour four-day work week and had a base salary in the range of $112,000. After her second child was adopted, she began working in a position that required her to work from home 32 hours over four days per week and paid her $92,000 per year. In 2000, NCR experienced a reduction in force, and appellant's position was eliminated. Appellant was offered the opportunity to pursue another job within the company and also received job placement assistance; however, appellant did not return to work. Instead, she became a full-time stay at home mother. In 2003, appellant began working as a part-time associate faculty member at Antioch University, where she continues to be employed. Her current salary is $20,250, and she works approximately sixteen hours per week.
 {¶ 3} The trial court, in light of appellant's work history and the fact that the children were both starting school full-time in the fall, imputed income to appellant in the amount of $65,000. Based on the imputed income, the trial court refused to award appellant spousal support and awarded child support in the amount of $230.88 plus the two percent processing fee per month. The trial court also allocated the assets of the parties, including marital liabilities. Appellant appeals from the trial court arguing three assignments of error.
 {¶ 4} Appellant's first two assignments of error are related, so we deal with them together:
 {¶ 5} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS VOLUNTARILY UNDEREMPLOYED, WHICH RESULTED IN THE TRIAL COURT IMPROPERLY IMPUTING INCOME TO APPELLANT IN THE AMOUNT OF $65,000 PER *Page 3 
YEAR FOR PURPOSES OF SPOUSAL AND CHILD SUPPORT DETERMINATIONS."
 {¶ 6} "THE TRIAL COURT ERRED IN IMPUTING INCOME TO APPELLANT IN THE AMOUNT OF $65,000 PER YEAR, WHICH RESULTED IN THE TRIAL COURT DECLARING THAT SPOUSAL SUPPORT WAS NEITHER APPROPRIATE NOR REASONABLE AND ORDERING APPELLEE TO PAY APPELLANT ONLY NOMINAL CHILD SUPPORT."
 {¶ 7} Whether a person is voluntarily underemployed and the amount of income to be imputed "are matters to be determined by the trial court based upon the facts and circumstances of each case." Rock v.Cabral (1993), 67 Ohio St.3d 108, paragraph one of the syllabus. A determination with respect to these matters will only be reversed upon a showing of abuse of discretion. Id.
 {¶ 8} R.C. 3119.01(C)(5)(b) states that "income," for purposes of calculating child support for a parent who is unemployed or underemployed, is defined as the sum of the gross income of the parent and any potential income of the parent. R.C. 3119.01(C)(11)(a) defines "potential income" to include "[i]mputed income that the court or agency determines the parent would have earned if fully employed as determined from" specific factors listed in the statute.
 {¶ 9} In order to impute income, the trial court must make a specific finding that the parent is voluntarily unemployed or underemployed.Williams v. Williams, Warren App. No. CA2006-09-103, 2007-Ohio-2996, ¶ 8. Once a party is found to be voluntarily unemployed or underemployed, the trial court imputes income to that party upon consideration of the factors listed in R.C. 3119.01(C)(11)(a).Williams at ¶ 8. The factors are: the parent's prior employment experience, education, and physical and mental disabilities, if any; the availability of employment and the prevailing wage and salary levels in the geographic area; the parent's special skills and training; whether there is evidence that the parent has the *Page 4 
ability to earn the imputed income; the age and special needs of the child for whom child support is being calculated under this section; the parent's increased earning capacity because of experience; and any other relevant factor. R.C. 3119.01(C)(11)(a).
 {¶ 10} Appellant asserts that she is not voluntarily underemployed because she is abiding by the plan she and appellee adopted during their marriage that she would stay home with the children until they attend school full-time, at which time she would pursue a position that would not be as demanding as the corporate positions she had held in the past. We note that plans adopted during marriage may not be feasible once the marriage breaks down. Gregory v. Gregory, Montgomery App. No. 22011,2007-Ohio-4098, ¶ 11. The trial court considered that appellant works only sixteen hours a week and has not pursued full-time positions despite the fact that her youngest child was matriculating into full-time schooling imminently. Although appellant testified that she had been actively looking for employment, the court noted that "reading the newspaper and making a self-determination of over-qualification is not satisfactory research." We find that the trial court did not abuse its discretion in determining that appellant was voluntarily underemployed.
 {¶ 11} Appellant argues that the trial court erred in determining the amount of income to impute because the court failed to address each of the factors listed in the statute. Specifically, appellant cites the court's failure to consider the age and special needs of the children and the availability of employment in the geographic area. However, the decision of the trial court addresses these statutory factors. The trial court made findings with respect to the factors that are the subject of appellant's two specific arguments. With respect to the age and special needs of the children, the trial court noted that, although appellant testified regarding her concern about being available for her children, this testimony was inconsistent with her plan to obtain a full-time teaching position while earning her doctoral degree at a separate university in a different city. Further, the court noted that the children were starting *Page 5 
school full-time the week following the hearing. With respect to the availability of employment in the geographic region, the decision specifically discusses the growth experienced in Southwest Ohio.
 {¶ 12} The amount of the income imputed by the court is coincidentally equal to the median salary in business education. Appellant asserts that it was error for the court to select this number because no evidence was presented that full-time positions were available at any local colleges or universities in the field of business education. However, the court did not state that it selected the number because it was the median salary in business education, and we will not infer such reasoning. Further, despite appellant's contentions, we do not believe that the court was confined to determining her potential income in the field of business education when she is trained and has experience as a business professional. See Rock, 67 Ohio St.3d at 112. The trial court did not abuse its discretion in determining to impute an income of $65,000 to appellant.
 {¶ 13} We note that while consideration of relevant factors outlined in the statute is mandatory, Williams v. Williams, Warren App. No. CA2006-09-103, 2007-Ohio-2996, ¶ 29; Henderson v. Henderson, Mercer App. No. 10-03-20, 2004-Ohio-1856, ¶ 7, the trial court is required neither to hear evidence on each factor nor discuss each factor in its analysis. See Rice v. Rice, Geauga App. No. 2006-G-2716, 2007-Ohio-2056, 54-56;Rausch v. Rausch, Cuyahoga App. No. 87,000, 2006-Ohio-3847, ¶ 27;Chapman v. Chapman, Franklin App. No. 05AP-1238, 2007-Ohio-1414, ¶ 12.
 {¶ 14} We next turn to the application of the determination of underemployment and imputation of income to the calculation of child and spousal support.
 I. CHILD SUPPORT {¶ 15} Appellant argues that the trial court's determination of child support was unjust, inappropriate, and not in the best interests of the children because the trial court used her *Page 6 
imputed income in calculating the child support order. The standard of review of an appellate court in a domestic relations matter concerning child support is abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142. R.C. 3119.01(C)(11) permits a trial court to impute income to a parent who is voluntarily unemployed or voluntarily underemployed for the purpose of determining the parent's child support obligation. The trial court calculated the child support using appellant's imputed income and appellee's actual income, considering appellant as the residential parent. The trial court deviated from this child support calculation because the parties were awarded basically equal parenting time with the children. The trial court deviated from the calculated support by decreasing the award by the amount of child support appellant would have had to pay had appellee been the residential parent. As a result of the trial court's determination of her imputed income and the deviation, the trial court awarded appellant $230.88 per month for both children. Appellant basically states that it was error for the trial court to impute income to her in its determination of her income for purposes of calculating child support. Appellant does not otherwise challenge the award of child support. Once the trial court determined that it was appropriate to impute income, it was required to use the imputed income in calculating the child support. As such, we find that the trial court's use of the imputed income in the child support calculation was not an abuse of discretion.
 II. SPOUSAL SUPPORT {¶ 16} A trial court has broad discretion in determining whether to award spousal support. Wolfe v. Wolfe (1976), 46 Ohio St.2d 399, 414. On review, the appellate court is limited to determining whether the trial court abused its discretion. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Id. at 219. R.C. 3105.18(C)(1) outlines the factors a court shall consider in determining whether spousal support is appropriate and reasonable. Appellant argues that *Page 7 
the trial court failed to properly consider those factors in its determination not to award spousal support. Appellant states that the trial court erred in its application of the following factors to the facts and circumstances of the case: income of the parties, relative earning abilities of the parties, and standard of living established during the marriage.
 A. INCOME OF THE PARTIES {¶ 17} Appellant argues that the trial court improperly imputed income to her in the amount of $65,000 in calculating spousal support. Although R.C. 3119.01(C)(11) permits a trial court to impute income to a parent who is voluntarily unemployed or voluntarily underemployed for the purpose of determining the parent's child support obligation, the statutory section on spousal support is less explicit on the issue. However, this court and others have approved a trial court's imputation of income for purposes of determining spousal support. See Moore v.Moore, Clermont App. No. CA2006-09-066, 2007-Ohio-4355, ¶ 64-65;Rotte v. Rotte, Butler App. No. CA2004-10-249, 2005-Ohio-6269;Seaburn v. Seaburn, Stark App. No. 2004CA00343, 2005-Ohio-4722, ¶ 32. We have already determined that the court did not abuse its discretion in imputing this income to appellant.
 {¶ 18} Appellant argues further that, in considering the income of the parties, the trial court was required to consider appellee's income from all sources. The trial court stated that it considered all of the factors outlined in the statute. Further, the court considered the income of both parties, both actual and imputed, in its analysis of the issue of spousal support. The trial court indicated that it woulduse the income from appellee's full time job with the Middletown Fire Department, which is $66,000, in determining appropriate spousal support. Appellee works more than full-time at this job alone. As such, the trial court stated that it would not use the income from appellee's second job in the Air Force Reserves in determining the amount of spousal support. The court stated that for spousal support purposes, the court would not require him to work a second job. Because the trial court gave *Page 8 consideration to appellee's income, we find that it was not an abuse of discretion for the trial court to refuse to use appellee's income from his second job in determining the amount of spousal support. Trial courts enjoy broad discretion in fashioning an equitable award of spousal support.
B. RELATIVE EARNING ABILITIES OF THE PARTIES
 {¶ 19} Appellant argues that the trial court erred in its consideration of the relative earning abilities of the parties because it incorrectly imputed income to her in the amount of $65,000. The trial court stated in its decision, however, that it believed that appellant's earning potential was likely greater than appellee's, not just equal to his. Appellant has in the recent past earned significantly more than appellee. The trial court received testimony from an occupational specialist regarding salary trends in appellant's field of expertise. The trial court's findings with respect to this matter are supported in the record and are not an abuse of discretion.
C. STANDARD OF LIVING ESTABLISHED DURING THE MARRIAGE
 {¶ 20} Appellant relies on Buckles v. Buckles (1988),46 Ohio App.3d 102, for the proposition that equity requires that a party receive sufficient spousal support to bring him or her to a reasonable standard of living, comparable to the standard maintained during the marriage. We find appellant's reliance on Buckles to be misplaced, as the facts of that case are wholly distinguishable from the case at bar. The wife inBuckles had been a full-time homemaker for twelve years of marriage. The court found that she had developed minimal earning potential because of the time she spent in the home, while her husband had substantial assets and significantly higher earning capacity. In the case at bar, appellant has at least 16 years of employment history and the court specifically found that appellant's earning potential was higher than appellee's. Furthermore, the Ohio Supreme Court has specifically rejected the idea that each party is entitled to achieve a standard of living *Page 9 
comparable to that enjoyed during the marriage. Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 95. "Obviously, neither party will enjoy exactly the same standard of living now that there are two households to maintain. Neither party is guaranteed the same standard of living enjoyed during the marriage." Dunham v. Dunham,171 Ohio App.3d 147, 2007-Ohio-1167, ¶ 76, citing Kaechele.
 {¶ 21} Although the trial court did not specifically address the standard of living of the parties in its decision, it was not required to make specific findings of fact on this factor. While the statute sets forth factors to be considered by the trial court, if the court does not specifically address each factor in its order, absent evidence to the contrary, a reviewing court presumes each factor was considered.Carroll v. Carroll, Delaware App. No. 2004-CAF-05035, 2004-Ohio-6710, ¶ 28.
 {¶ 22} We conclude that the trial court properly considered the factors listed in R.C. 3105.18(C)(1) in relation to the facts of this case, and did not abuse its discretion in finding that not awarding spousal support was appropriate and reasonable. Appellee's argument that the award of spousal support was inadequate is not well taken.
 {¶ 23} Based on the foregoing, appellant's first and second assignments of error are overruled.
 {¶ 24} Appellant's third assignment of error states:
 {¶ 25} "THE TRIAL COURT ERRED IN FAILING TO DETERMINE AND ORDER THAT APPELLEE IS SOLELY RESPONSIBLE FOR BACK REAL ESTATE TAXES OWED ON THE MARITAL RESIDENCE."
 {¶ 26} Appellant argues that the trial court erred in failing to allocate responsibility for the payment of back real estate taxes owed on the marital residence. Appellant argues that appellee acknowledged responsibility for the real estate taxes and that this court should therefore allocate responsibility to him. The parties stipulated that the proceeds from the sale *Page 10 
of the residence would be split equally between them. The proceeds were so split, except that appellant withheld $5,000 of the proceeds from appellee. Appellant claims that she is entitled to this money because she believes she should not be held responsible for late real estate taxes that were due at the time of the closing. She claims that these late real estate taxes were appellee's responsibility. Appellee argues that because the parties stipulated as to the division of the proceeds of the sale of the home, this real estate tax issue was not before the trial court for consideration.
 {¶ 27} Allocation of assets, including debts, is within the province of the trial court. Under R.C. 3105.171(F), the trial court was required to allocate the liabilities of the spouses. Trial courts are required to divide marital property equitably between the spouses. R.C. 3105.171(B). Under R.C. 3105.171(C)(1) the assets, including liabilities, are to be divided equally unless such a division would be inequitable. Since the trial court possesses a great deal of discretion in attaining an equitable distribution, we will not reverse the court's division of property absent an abuse of discretion. See Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131, 541 N.E.2d 597.
 {¶ 28} Testimony was taken at trial regarding the real estate tax debt. Appellee testified at trial that he had made real estate tax payments into an escrow account with the mortgage company during the time that he had assumed sole responsibility for making mortgage payments while he was residing in the home. He indicated that he was unsure from what time period the late real estate taxes accrued, but indicated that they accrued during the time that appellant and appellee were living together in the home.
 {¶ 29} The record is clear that the trial court had knowledge of the real estate tax liability. The entry specifically addresses the parties' other marital debts; however, the judge does not specify responsibility for the real estate tax liability We find that the trial court's failure to specifically address the allocation of the real estate tax liability was an abuse of *Page 11 
discretion. Appellant's third assignment of error is sustained. Accordingly, we reverse the trial court's decision and remand the matter to the trial court for further proceedings according to law and consistent with this opinion. However, we specifically refrain from commenting regarding the $5,000 that appellant withheld from appellee in the distribution of the net proceeds of the sale of the residence, as that issue is not properly before this court.
 {¶ 30} Judgment affirmed in part, reversed in part, and remanded.
 BRESSLER and POWELL, JJ., concur. *Page 1