OPINION
{¶ 1} Plaintiff-appellant, Richard Lynch, appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, dividing the parties' interest in a piece of real property acquired prior to the marriage.
 {¶ 2} On November 5, 2003, appellant and defendant-appellee, Kimberly Lynch (Kimberly), jointly purchased property, located at 5329 Township Line Road, Waynesville, Ohio for $360,000. While appellant personally paid a down payment of $80,261.99 for the *Page 2 
home from premarital funds, Kimberly did not contribute to the down payment. However, both parties signed the mortgage and the promissory note and the property was deeded in joint and survivorship names. A few weeks later, appellant purchased $15,870.97 worth of materials from Waynesville Lumber and Supply Company in order to make improvements to the property.
 {¶ 3} The parties were married on December 26, 2003, and used the property as their marital residence. During the course of the marriage, the parties paid $7,594 of the $288,000 mortgage and more improvements were made to the property. When the parties separated in October 2005, the property was appraised at $510,000. The appraiser also made a separate appraisal of $450,000 for the property to indicate its value without any improvements. Therefore, $60,000 in appreciation of the property's value was solely due to the improvements, while the remaining $90,000 was an increase in value not based on any improvements. On November 14, 2005, appellant filed for divorce.
 {¶ 4} In a July 21, 2006 decision, the magistrate found, inter alia, that: (1) the property was appellant's separate property; (2) appellant had a separate property interest in the property of $80,261.99; (3) appellant properly traced $15,285.29 for improvements made to the property; (4) the remaining value of the $60,000 appreciation for improvements and the mortgage pay down was marital property, to be divided equally between the parties; and (5) the remaining $90,000 appreciation in value was passive growth on separate property which belonged to appellant. Kimberly filed objections to the magistrate's decision. In particular, and relevant to the case herein, she objected to the magistrate's findings by arguing: (1) she was entitled one-half of the full value of the improvements made to the property; (2) the property was marital and not appellant's separate property; and (3) the remaining $90,000 of appreciation in value was marital property and subject to equal division.
 {¶ 5} The trial court agreed with the magistrate to the extent that Kimberly was *Page 3 
entitled to one-half of the improvement appreciation. However, the court found that Kimberly was also entitled to one-half of the remaining $90,000 of appreciation because of the improvements, and because Kimberly assisted in paying down the mortgage. Appellant filed a request for reconsideration, but it was summarily denied by the trial court. Appellant appealed, arguing the trial court erred in overruling the magistrate and awarding Kimberly one-half of the $90,000 appreciation. This court was unable to reach the merits of appellant's arguments because the trial court failed to rule on all objections, and "failed to explicitly determine in the divorce decree whether the marital residence was marital or separate property."[1]
 {¶ 6} On remand, the trial court found that the property was a "mixed asset," comprised of both separate and marital property. With this decision, the court found that the "passive and active appreciation on the marital residence [wa]s marital property to be divided among the parties." Thus the total equity of $229,594, less appellant's separate property interest (the $80,261.99 down payment and the $15,870.97 spent on improvements), left a net marital equity of $133,461.04 which the court divided equally between the parties. Appellant now appeals the decision of the trial court by raising one assignment of error.
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN OVERRULING THE DECISION OF THE MAGISTRATE AND FINDING THAT THE DEFENDANT-APPELLEE IS ENTITLED TO ONE-HALF OF ALL APPRECIATION OF THE MARITAL RESIDENCE."
 {¶ 8} Appellant argues that because the property is his separate property, all passive appreciation of the property is separate property, and only the active appreciation of $60,000 due to home improvements is marital property. We overrule the assignment of error.
 {¶ 9} Property division is a two-step process, and subject to two different standards of *Page 4 
of review. Scott v. Scott, Trumbell App. No. 2007-T-0059, 2008-Ohio-530, ¶ 18, 19. Pursuant to R.C. 3105.171(B), "[i]n divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property." After labeling the assets as separate and marital property, "the court shall disburse a spouse's separate property to that spouse" and divide the marital property equally unless the court finds it would be an inequitable division. R.C. 3105.171(C)(1), (D).
 {¶ 10} When reviewing a trial court's classification of property as either marital or separate, its determination must be supported by the manifest weight of the evidence. Kevdzija v. Kevdzija,166 Ohio App.3d 276, 2006-Ohio-1723, ¶ 6, citing Marcum v. Marcum (1996),116 Ohio App.3d 606, 613. Thus, an appellate court will not reverse a trial court's decision in this regard so long as it is supported by competent and credible evidence. Montgomery v. Montgomery, Brown App. No. CA03-04-008, 2004-Ohio-3346, ¶ 20, citing C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 280.
 {¶ 11} Marital property, in part, consists of "[a]ll income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." R.C. 3105.171(A)(3)(a)(iii). "[W]heneither spouse makes a labor, money, or in-kind contribution thatcauses an increase in the value of separate property, that increase in value is deemed marital property." Middendorf at 400 (emphasis in the original).
 {¶ 12} In contrast, separate property includes, "all real and personal property and any interest in real or personal property * * * that was acquired by one spouse prior to the date of the marriage * * * [and] [p]assive income and appreciation acquired from separate property by one spouse during the marriage." R.C. 3105.171(A)(6)(a)(ii) and (iii). However, "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not *Page 5 
not traceable." R.C. 3105.171(A)(6)(b). "Thus, traceability has become the focus when determining whether separate property has lost its separate character after being commingled with marital property."Peck v. Peck (1994), 96 Ohio App.3d 731, 734. "The party [who] seek[s] to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property." Id.
 {¶ 13} The trial court did not err in classifying the property as a mixed asset, comprised of both separate and marital property. Appellant presented evidence sufficient to establish that the $80,261.99 down payment for the property came from separate premarital funds, which in turn created a separate property interest. Appellant was also able to trace $15,870.97, of premarital funds, from the $60,000 worth of appreciation due solely to improvements on the property. This in turn left $44,129.03 ($60,000 — $15,870.97) of improvement appreciation that the court deemed marital property, partly because appellant could not provide further evidence in order to trace any other amounts to separate funds; and partly because Kimberly testified that she had contributed financially to the improvements. Indeed, appellant and Kimberly have both agreed in their briefs that the court was correct in making these particular determinations as to the separate and marital character of $140,261.99 of the equity in the property.
 {¶ 14} Appellant argues that the trial court was incorrect in determining that the remaining $90,000 in equity is marital property. "`In general, marital property is presumed to include all property acquired during the marriage or those assets produced or earned as a result of the parties' mutual efforts.'" Moro v. Moro (1990),68 Ohio App.3d 630, 636, quoting Avis v. Avis (May 23, 1985), Cuyahoga App. No. 48832, 1985 WL 9027 at 6. See, also, Heine v. Heine,127 Ohio Misc.2d 66, 76, 2003-Ohio-7365, ¶ 28 (finding "a presumption that property, in whatever form, acquired during the marriage is marital property subject to equitable division"); Smith v. Smith, Franklin App. No. 07-AP717,2008-Ohio-799, ¶ 10, citing *Page 6 Ray v. Ray, Medina App. No. 03CA0026-M, 2003-Ohio-6323, at ¶ 8 (finding "any reduction in the amount of a mortgage during the marriage by payment with marital funds contributes to the equity in the property and becomes marital property"). Thus, any and all income generated during a marriage is marital property and a party seeking to characterize it as separate property bears the burden of proof, by a preponderance of the evidence, to rebut this presumption. Banez v. Banez, Stark App. No. 2006CA00216, 2007-Ohio-4584, ¶ 202; Peck, 96 Ohio App.3d at 734.
 {¶ 15} The trial court did not err in determining that appellant did not prove by a preponderance of evidence that the appreciation on the home was separate property. Appellant argues that because the property is his separate property, any appreciation of the property (other than that due to improvements) is also separate. Although appellant was able to trace his separate property interest in the down payment of the home, he was unable to trace the appreciation. In addition, while appellant testified that he made the mortgage payments from his own separate checking account, in which only he placed his earnings, it was not enough to overcome the marital presumption, as the earnings were accumulated during the marriage and thus were marital assets. SeeMoro, 68 Ohio App.3d at 636; Heine, 2003-Ohio-7365 at ¶ 28.
 {¶ 16} In Bugos v. Bugos (Oct. 15, 1999), Trumball App. No. 98-T-0141,1999 WL 959835, husband and wife purchased a home for $40,000 two days before their marriage. Id. at 1. Husband provided the down payment of $8,000, which the Bugos court determined was separate premarital property. Id. Although both parties signed the purchase agreement together, the husband placed the initial deed and mortgage in his name. Id. A few years later, the parties took out a second mortgage on the home, and both were designated on the mortgage. Id. The parties also recorded a joint survivorship deed for the property in both of their names. Id. The parties testified that during the marriage improvements had been made *Page 7 
to the home, but the Bugos court was unable to determine how much the improvements contributed the home's increase in value. Id at fn. 3; 3. Although husband received the amount of his down payment as separate property, the Bugos court stated that husband had not met his burden of showing that the appreciation in the home was separate property, so the court found that the appreciation in the property was marital. Id. at 3.
 {¶ 17} The Bugos court then found that both parties had made the decision to purchase the home; they bought the home two days before they were married; the only reason that wife's name was not on the deed was to protect the estate from being encumbered by creditors for her personal medical bills; the parties both signed the purchase agreement; the parties took out a second mortgage on which they both were obligated; they re-deeded the property in a joint survivorship conveyance; and the parties purchased the home because they needed a large residence. Id. at 4-5. Based on those facts, the Bugos court determined that the marital residence, other than the husband's down payment, was marital property. Id. See, also, Bizjak v. Bizjack, Lake App. No. 2004-L-083, 2005-Ohio-7047, ¶ 22 (upholding Bugos and finding a home was marital property where the parties jointly purchased the home and signed the mortgage even though husband provided a separate property down payment; made improvements; jointly took out a second mortgage and an equity line of credit; and the husband failed to prove that the appreciation was separate).
 {¶ 18} The circumstances in this case are similar to Bugos. We find no error in the trial court's determination that appellant did not meet his burden of showing the appreciation of the property was separate passive property. In addition, appellant and Kimberly jointly decided to purchase the property less than two months before their marriage. Both parties jointly assumed the mortgage on the property and both signed the promissory note. The *Page 8 
property was also deeded to each party as joint survivors.[2] Based on these facts, there was clearly an intention that the property be marital, and therefore any portion not traced as separate property is subject to equal division between the parties.
 {¶ 19} In the second step of the property division process, a trial court has broad discretion in determining equitable property division in a divorce proceeding. King v. King (1992), 78 Ohio App.3d 599, 604. "The trial court's decision regarding property division will not be reversed absent an abuse of discretion." Hutchinson v. Hutchinson (1996), 113 Ohio App.3d 863,867, citing Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. Therefore the court's judgment should not be disturbed unless the decision is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Indeed, where there is "competent, credible evidence to support the trial court's decision, there is no abuse of discretion." Middendorf v. Middendorf,82 Ohio St.3d 397, 400, 1998-Ohio-403, citing Ross v. Ross (1980)64 Ohio St.2d 203.
 {¶ 20} We cannot say that the trial court abused its discretion in dividing the marital property equally as the court followed the dictates of R.C. 3105.171(C)(1) which requires equal marital property division, unless it would be inequitable. The trial court found that the remaining equity in the property (less husband's separate property interest) was marital and chose to equally divide it. This decision is not unreasonable, arbitrary or unconscionable, and we therefore affirm the trial court's decision and overrule appellant's assignment of error.
 {¶ 21} Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] See Lynch v. Lynch, Warren App. No. CA2006-12-145, 2007-Ohio-7083, ¶ 7, 9, 10.
[2] But, see, R.C. 3105.171(H); Helton v. Helton (1996),114 Ohio App.3d 683 (holding title to property, even as co-owners, is not determinative as to whether the property is marital or separate). *Page 1