OPINION
{¶ 1} Defendant-appellant, Chadwick Zollar, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, classifying a 401K savings plan as marital property and its allocation of spousal and child support obligations following his divorce from plaintiff-appellee, Kathy Zollar.
 {¶ 2} Chadwick Zollar ("Husband") and Kathy Zollar ("Wife") were married on *Page 2 
December 31, 1987. The couple has one child, Kristen ("Daughter"), born October 1, 1990.
 {¶ 3} In November 2005, Husband was temporarily transferred to his employer's office in Brazil. In April 2006, Husband was joined in Brazil by his wife and teenage daughter. On March 29, 2007, Wife, after returning to Butler County and upon learning of her husband's extramarital affair, filed for divorce. Daughter remained in Brazil with her father in order to finish her junior year of high school.
 {¶ 4} On February 7, 2008, after holding a hearing on divorce, property division, spousal support, and child support, the trial court classified and divided the property, and ordered Husband to pay Wife $6,666.67 per month in spousal support. However, the trial court did not order either party to pay child support because, as the trial court found, it was unjust, inappropriate, and not in the best interest of the child.
 {¶ 5} Husband now appeals the trial court's classification of the 401K plan as marital property and the amount of spousal and child support ordered, raising four assignments of error. For ease of discussion, Husband's assignments of error will be addressed out of order.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED IN FAILING TO AWARD THE DEFENDANT HIS SEPARATE NON-MARITAL PORTION OF HIS 401K PLAN."
 {¶ 8} Property division in a divorce proceeding is a two-step process that is subject to two different standards of review. Lynch v.Lynch, Warren App. No. CA2008-02-028, 2008-Ohio-5837, ¶ 10. Initially, pursuant to R.C. 3105.171(B), "the court shall * * * determine what constitutes marital property and what constitutes separate property."
 {¶ 9} Marital property includes personal property that is currently owned by either or both of the spouses and that was acquired by either or both of the spouses during the marriage. R.C. 3105.171(A)(3)(a). In contrast, separate property includes property acquired by one spouse prior to the date of the marriage, as well as passive income and appreciation *Page 3 
acquired from separate property by one spouse during the marriage. R.C. 3105.171(A)(6)(a). "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). As a result, "traceability has become the focus when determining whether separate property has lost its separate character after being commingled with marital property."Lynch at ¶ 12, quoting Peck v. Peck (1994), 96 Ohio App.3d 731, 734. The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. Lynch at ¶ 12.
 {¶ 10} The trial court's classification of property as marital or separate must be supported by the manifest weight of the evidence.Kevdzija v. Kevdzija, 166 Ohio App.3d 276, 2006-Ohio-1723, ¶ 6. An appellate court will not reverse the trial court's classification of property as either marital or separate so long as its determination is supported by competent and credible evidence. Montgomery v.Montgomery, Brown App. No. CA2003-04-008, 2004-Ohio-3346, ¶ 2. In determining whether competent and credible evidence exists, "[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony." Bey v. Bey, Mercer App. No. 10-08-12, 2009-Ohio-300, ¶ 15, quoting Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159.
 {¶ 11} Further, after labeling the assets as separate or marital property, "the court shall disburse a spouse's separate property to that spouse" and divide the marital property equally, unless the court finds an equal division would be inequitable. R.C. 3105.171(C)(1), (D). The trial court is given broad discretion in determining what constitutes an equitable division of property and will not be reversed absent an abuse that discretion. Lynch at ¶ 19; *Page 4 Hutchinson v. Hutchinson (1996), 113 Ohio App.3d 863, 867. More than mere error of judgment, an abuse of discretion requires that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} Appellant, in his first assignment of error, argues that the trial court erred by classifying the entire value of the 401K savings plan as marital property when he provided "uncontroverted" evidence regarding the value of the separate nonmarital portion of the asset. We disagree.
 {¶ 13} The Third District Court of Appeals addressed a similar issue in Henderson v. Henderson, Mercer App. No. 10-01-17, 2002-Ohio-2720. In that case, defendant-appellant, Wayne Henderson, argued that the trial court erred in not awarding him his separate property that was now part of a jointly-held IRA. Henderson at ¶ 26, 29. At trial, Henderson testified that he transferred separate funds in the amount of $2,700 from a 401K plan into a jointly-held IRA created during the marriage. Id. at ¶ 29. The trial court determined that the entire jointly-held IRA was marital property that was subject to an equal division. Id.
 {¶ 14} Upon review, the appellate court determined that, aside from Henderson's testimony, there was "no further evidence * * * introduced at trial * * * supporting his] assertion or contesting [his] assertion." The court, in its decision to reverse the trial court's classification of the entire jointly-held IRA as marital property, determined that "[t]he record is simply void of evidence challenging [Henderson's] testimony that the $2,700.00 is his separate property." Id. at ¶ 30. The appellate court then concluded by stating, "despite the lack of evidence supporting [Henderson's] assertion and the deference due the trial court," the trial "court's classification of the property [was] against the manifest weight of the evidence" Id.
 {¶ 15} Although the case at bar is similar, we find the Third District Court of Appeals
decision in Henderson distinguishable. Here, Husband testified that he entered into a 401K *Page 5 
plan in 1979, the year he began working for his current employer and nearly a decade before his marriage to Wife. Husband also testified that the value of the 401K plan in 1987, the year the couple was married, was $41,202, and that his premarital portion of the plan has since appreciated in value to $450,352.[1] In support of his testimony, Husband introduced a "self-generated" spreadsheet which indicated the value of the 401K plan in 1987, as well as financial statements from his employer for the years 2000 through 2006.[2] Neither Husband nor Wife were able to obtain any employer financial statements indicating the value of the 401K plan between 1979, the year it was supposedly established, to 1999.[3] Wife testified that she knew that her husband had a 401K plan but she "had no idea of the amount."
 {¶ 16} Here, unlike the facts presented in Henderson, Husband did not indicate any separate nonmarital property interest in the 401K plan on his Affidavit of Property. Further, after learning that neither he nor his wife could obtain any financial statements from his employer indicating the value of the 401K plan before 2000, Husband only provided his wife, or her counsel, with his unverifiable "self-generated" spreadsheet one week before the hearing. Although his spreadsheet may be some evidence indicating the value of the separate nonmarital portion of the 401K plan, Husband withheld this evidence from his wife and then argued that the evidence he presented at the hearing, including the spreadsheet, was "uncontroverted." Husband's actions, whether intentional or not, essentially denied his wife the opportunity to contest his claim that $450,352 of the 401K plan was separate nonmarital property. *Page 6 
 {¶ 17} The trial court, in classifying the entire 401K plan as marital property, concluded that it was "without the ability to determine the separate non-marital portion of the asset in accordance with law." As noted above, the trial court is given deference in weighing the credibility of the testimony and evidence provided. Bey, 2009-Ohio-300, ¶ 15. In turn, the trial court was in the best position to weigh the credibility of the evidence presented to determine whether any portion of the 401K plan was Husband's separate property. As a result, we find that the trial court's classification of the entire 401K plan as marital property is not against the manifest weight of the evidence. Therefore, because it was not error for the trial court to classify the 401K plan as marital property, the trial court did not abuse its discretion when it equitably divided the 401K plan in order to, as the trial court stated, "reconcile all assets of the marriage." Accordingly, Husband's first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 4:
 {¶ 19} "THE COURT ERRED IN FAILING TO ORDER PLAINTIFF TO PAY DEFENDANT CHILD SUPPORT."
 {¶ 20} Husband, in his fourth assignment of error, argues that the trial court erred when it "determined that this case warranted that no support be awarded." We disagree.
 {¶ 21} "The purpose of the child support system is to protect the child and his best interest." Kauza v. Kauza, Clermont App. No. CA2008-02-014, 2008-Ohio-5668, ¶ 10, quoting Richardson v. Ballard
(1996), 113 Ohio App.3d 552, 555. "Matters involving child support are reviewed under the abuse-of-discretion standard." Van Osdell v.Van Osdell, Warren App. No. CA2007-10-123, 2008-Ohio-5843, ¶ 20, citingBooth v. Booth (1989), 44 Ohio St.3d 142, 144. As stated previously, an abuse of discretion requires that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore, 5 Ohio St.3d at 219.
 {¶ 22} Pursuant to R.C. 3119.22, "the court may order an amount of child support that *Page 7 
deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet * * * if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, * * * would be unjust or inappropriate and would not be in the best interest of the child." Among the 16 statutory factors listed in R.C. 3119.23 are: income disparity between the parties, extraordinary costs associated with parenting time, the child's standard of living had the marriage continued, and any other relevant factor. See R.C. 3119.23(D), (G), (L), (P).
 {¶ 23} In this case, the trial court properly calculated child support according to the worksheet in R.C. 3119.022, and those worksheets are included in the record. After the court calculated the child support worksheet, which indicated Wife should pay child support in the amount of $583.90 per month, the court made a determination that such an order would be unjust, inappropriate, and not in the best interest of the child. The court then identified facts which justified a downward deviation, including a finding that "both parties have sufficient income to provide for the child when the child is in their respective care," and that it was anticipated "the child [would] return to the United States for her final academic year of high school * * *." In concluding, the trial court determined that no child support should be paid by either party. Upon review of the record, we find no abuse of discretion in the trial court's child support order deviating from the guideline calculation. Therefore, Husband's fourth assignment of error is overruled.
 {¶ 24} Husband, in his second and third assignments of error, argues that the trial court erred in ordering him to pay Wife $6,666.67 per month in spousal support, and therefore, his remaining arguments will be addressed together. *Page 8 
 {¶ 25} Assignment of Error No. 2:
 {¶ 26} "THE TRIAL COURT ERRED IN AWARDING THE PLAINTIFF $6,666.67 A MONTH IN SPOUSAL SUPPORT."
 {¶ 27} Assignment of Error No. 3:
 {¶ 28} "THE TRIAL COURT ERRED IN AWARDING PLAINTIFF SPOUSAL SUPPORT WHICH EXCEEDS 50% OF DEFENDANT'S INCOME."
 {¶ 29} Initially, Husband argues that the trial court erred in finding his annual income to be $192,000 for purposes of establishing spousal support because such a finding was not supported by the record. We disagree.
 {¶ 30} The trial court's finding setting a party's income will not be reversed absent an abuse of discretion. See, generally, Grosnickle v.Grosnickle, Warren App. No. CA2006-03-037, 2007-Ohio-3613, ¶ 31.
 {¶ 31} At the hearing, Husband testified that his annual salary from his employment was "give or take," approximately $180,000, which included substantial yearly performance bonuses. On cross-examination, Husband testified that his base salary was $152,000 but that he was to receive a $40,000 bonus, thus increasing his total annual salary to $192,000. When asked further, Husband agreed that he was "in the $180,000 to $190,000 salary range with bonus." Testimony also indicated Husband received significant income from other investments not related to his employment.
 {¶ 32} Based on the evidence presented, the trial court set Husband's income at $192,000 annually. After reviewing the record, we find that the trial court's decision is supported by competent and credible evidence. As a result, the trial court did not err in setting Husband's salary at $192,000, and therefore, did not abuse its discretion.
 {¶ 33} Next, Husband argues that the trial court erred in ordering him to pay $6,666.67 per month in spousal support because, as a matter of law, it is an abuse of discretion for a *Page 9 
trial court to order an individual to pay spousal support in an amount exceeding 50 percent of their monthly income. We disagree.
 {¶ 34} Husband, in support of his argument, relies on R.C. 3121.03(A)(1)(c), titled "Issuance of One or More Withholding or Deduction Notices or Other Orders," which states:
 {¶ 35} "To the extent possible, the amount specified to be withheld shall satisfy the amount ordered for support in the support order plus any arrearages owed by the obligor under any prior support order that pertained to the same child or spouse, notwithstanding any applicable limitations of sections 2329.66, 2329.70, 2716.02, 2716.041, and 2716.05
of the Revised Code. However, in no case shall the sum of the amount to be withheld and any fee withheld by the payor as a charge for its services exceed the maximum amount permitted under section 303(b) of the `Consumer Credit Protection Act,' 15 U.S.C. 1673(b)."
 {¶ 36} The restriction on wage withholding orders found in Section 1673(b)(2)(A), Title 15, U.S. Code states, in pertinent part:
 {¶ 37} "(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed-
 {¶ 38} "(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and
 {¶ 39} "(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week; * * *."
 {¶ 40} Reading these statutes together, it is clear that a wagewithholding order cannot deduct more than 50 percent of an individual's disposable income. Cramblett v. Cramblett, Harrison App. No. 05 HA 581,2006-Ohio-4615, ¶ 23. However, there is a vast difference *Page 10 
between a wage withholding order and the spousal support order at issue here.[4] In turn, the withholding limits imposed by R.C. 3121.03(A)(1)(c) and Section 1673(b)(2)(A), Title 15, U.S. Code do not impose limitations on a trial court's ability to order support in excess of those limits. Arthur v. Arthur (1998), 130 Ohio App.3d 398, 411. Furthermore, there is no statute either in the Ohio Revised Code or in the United States Code that prevents a court from ordering a spousal support in an amount that is in excess of 50 percent of a person's earnings. Cramblett at ¶ 23. Therefore, Husband's argument lacks merit.
 {¶ 41} Finally, Husband argues that the trial court erred when it ordered him to pay $6,666.67 per month in spousal support because it failed to consider the parties' lifestyle during the marriage or his wife's need.
 {¶ 42} A trial court has broad discretion in determining whether an award of spousal support is appropriate. Justice v. Justice, Warren App. No. CA2006-11-134, 2007-Ohio-5186, ¶ 16, citing Wolfe v. Wolfe (1976),46 Ohio St.2d 399, 414. On review, the appellate court is limited to determining whether the trial court abused its discretion.Blakemore, 5 Ohio St.3d at 218.
 {¶ 43} In determining whether spousal support is appropriate and reasonable, the trial court must consider the factors outlined in R.C. 3105.18(C)(1). Justice at ¶ 16. These factors include each party's income, earning capacity, age, mental and emotional condition, standard of living, education, assets and liabilities, as well as consideration of the duration of the marriage and lost income capacity due to a party's fulfillment of marital responsibilities. See R.C. 3105.18(C)(1). In addition to the statutory factors listed above, a trial court is free to consider any other factor it deems relevant and equitable. R.C. 3105.18(C)(1)(n). *Page 11 
 {¶ 44} Further, while the trial court need not make specific findings of fact or comment on every factor, "the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Carman v. Carman (1996), 109 Ohio App.3d 698, 703; Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 97. In turn, a trial court does not satisfy the holding in Kaechele by merely stating that it considered the factors enumerated in R.C. 3105.18. Taylor v. Taylor, Cuyahoga App. No. 86331, 2006-Ohio-1925, ¶ 33. In addition, "a mere recitation of the evidence is an insufficient basis for this court to review the appropriateness of the amount, terms and duration of a spousal support award." Gray v. Gray (June 28, 2001), Cuyahoga App. No. 78419,2001 WL 723245 at *2; Henderson, 2002-Ohio-2720 at ¶ 23.
 {¶ 45} In this case, although the trial court's judgment cited evidence relevant to many of the statutory factors listed in R.C. 3105.18(C)(1), including the couples' standard of living pursuant to R.C. 3105.18(C)(1)(g), it did not evaluate this evidence in its opinion and otherwise failed to provide this court with any rationale to support its finding that an award of $6,666.67 per month in spousal support was "reasonable and necessary." In turn, while there is some evidence which arguably supports the trial court's decision to order Husband to pay Wife such an amount as spousal support, "it would be improper for this court to perform the intermediate analytical steps which the trial court neglected to recite." See Zeefe v. Zeefe (1998), 125 Ohio App.3d 600,607. As a result, we will not speculate as to the deliberative process employed by the trial court in reaching its spousal support award, as the better approach is to remand this cause in order for the trial court to set forth the basis for such an award in its decision. Gray,2001 WL 723245 at *2; Zeefe at 607.
 {¶ 46} Accordingly, without expressing a decision on the amount of the spousal support award ordered, we sustain Husband's second and third assignments of error, insofar as the trial court failed to indicate the basis for its award, and remand the cause and order *Page 12 
the trial court to revisit this issue to specifically explain its basis for finding an award of spousal support in the amount of $6,666.67 per month as "reasonable and necessary."
 {¶ 47} Judgment affirmed and remanded.
WALSH, P.J., and POWELL, J., concur.
[1] The entire 401K plan was valued at $1,302,763.99. Husband testified that the remaining value, approximately $875,000, was marital property.
[2] Husband testified that he created the original spreadsheet document approximately 20 years ago on his home computer, which he then transferred into an Excel spreadsheet. Husband also admitted that he altered the Excel spreadsheet shortly before the hearing by creating a new column indicating the value of the alleged separate nonmarital portion of the 401K plan and its subsequent appreciation.
[3] The financial statements from 2001, 2002 and 2003 do list the after tax contributions Husband made to the 401K plan prior to 1987. However, these statements fail to indicate the 401K plan's total value in 1987.
[4] It should be noted, Husband does not argue that the wage withholding order contained in the trial court's Judgment Entry and Decree of Divorce was improper and contrary to R.C. 3121.03(A)(1). Therefore, we decline to address that issue here. *Page 1