OPINION
{¶ 1} Plaintiff-appellant, Mildred Nichols-Ross, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, regarding property and debt division in a divorce action.
 {¶ 2} Appellant and defendant-appellee, Michael Ross, were married in February 1990 and separated in June 2006, and had no children during their marriage. *Page 2 
During their marriage, the parties owned several real properties, including property in Conway, South Carolina, which appellee's father gave the parties in 1992. Further, during their marriage, the parties accumulated $46,494.56 in debt.
 {¶ 3} On February 26, 2008, the trial court entered its final divorce decree. In the decree, the trial court found that title to the South Carolina property is appellee's separate property, and that appellant's interest is limited to an equal share of the appreciation of the property from the time of the gift until the date of the separation. With respect to the parties' debt, the trial court found that appellant is responsible for $4,578.47, appellee is responsible for $4,160.55, and the parties equally share the remaining debt, which totals $37,755.54. Appellant appeals the trial court's decision, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT WHEN IT FOUND THAT THE PARTIES' MARITAL REAL ESTATE IN SOUTH CAROLINA WAS PARTIALLY PRE-MARITAL."
 {¶ 6} In her first assignment of error, appellant argues the South Carolina real property was given in fee simple absolute to both parties during the marriage, and that the trial court erred in finding that any portion of this property is appellee's separate property.[1]
 {¶ 7} Property division in a divorce proceeding is a two-step process that is subject to two different standards of review. Lynch v.Lynch, Warren App. No. CA2008-02-028, 2008-Ohio-5837, ¶ 10. Initially, pursuant to R.C. 3105.171(B), "the court shall * * *Page 3 
* determine what constitutes marital property and what constitutes separate property."
 {¶ 8} Marital property includes real property that is currently owned by either or both of the spouses and that was acquired by either or both of the spouses during the marriage. R.C. 3105.171(A)(3)(a). In contrast, separate property includes real property that is found by a court to be a gift of real property or an interest in real property made after the date of the marriage and proven by clear and convincing evidence to have been given to only one spouse. R.C. 3105.171(A)(6)(a)(vii). Clear and convincing evidence means that degree of proof that will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Golick v. Golick, Clermont App. Nos. CA99-05-040, CA99-05-045, 2001-Ohio-8641.
 {¶ 9} A trial court's classification of property as marital or separate must be supported by the manifest weight of the evidence, and an appellate court will not reverse the trial court's classification if its determination is supported by competent and credible evidence.Zollar v. Zollar, Butler App. No. CA2008-03-065, 2009-Ohio-1008, ¶ 10. In determining whether competent and credible evidence exists, "[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony." Id., quoting Barkley v. Barkley (1997), 119 Ohio App.3d 155,159.
 {¶ 10} After labeling the assets as separate or marital property, "the court shall disburse a spouse's separate property to that spouse" and divide the marital property equally, unless the court finds an equal division would be inequitable. R.C. 3105.171(C)(1); R.C. 3105.171(D). The trial court is given broad discretion in *Page 4 
determining what constitutes an equitable division of property and will not be reversed absent an abuse of that discretion. Lynch at ¶ 19;Hutchinson v. Hutchinson (1996), 113 Ohio App.3d 863, 867. To find abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In the divorce decree, the trial court stated:
 {¶ 12} "Husband is granted all right, title and interest in the real estate at 1500 Murrells Landing Road, Conway, South Carolina, free and clear of any interest of Wife. The Court finds that this is Husband's separate property. The property is valued at $285,000.00. Wife's interest is limited to the difference in the values or $140,000.00. The marital debt attached to the property is $47,524.00. Wife is responsible for one-half of this debt. Therefore, her one-half portion which is $23,762.00 shall be paid by Husband and subtracted from her equity interest as accrued which was $70.000.00. Therefore, the Court finds Husband owes to Wife the sum of $46,238.00."
 {¶ 13} At a hearing before the trial court, appellee's father, Clark Ross, testified that he and his wife were the previous owners of the South Carolina property. Clark testified that he and his wife purchased nine acres of real property in South Carolina so that they could build a house on that property for themselves and eventually build houses on the property for both of their sons. Further, Clark testified that he and appellee built the second house on the property before appellee married appellant, with the intent that appellee would eventually own it. Clark explained that he and his wife did not transfer legal title to the property until after the parties were married, and that when they ultimately did so, they transferred it to both appellee and appellant. However, Clark stated that the intent of this gift was to benefit his son. Clark also testified that while he and his wife had not built a house for their other son, they had given him a lot on the *Page 5 
property.
 {¶ 14} In addition, appellee testified he first moved into the house on this property in 1976 and periodically lived there until the parties were married. Further, the record indicates the parties lived on this property periodically throughout the marriage.
 {¶ 15} We find that the evidence in the record is clear and convincing that appellee's parents intended to give the South Carolina property to appellee, and the manifest weight of the evidence supports the trial court's classification of the property as appellee's separate property. We remind appellant that "the holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property." R.C. 3105.171(H). While the form of the title to property is relevant in determining its classification as marital or separate property, such form is not conclusive. Lust v. Lust, Wyandot App. No. 16-02-04, 2002-Ohio-3629, ¶ 16, quoting Barkley, 119 Ohio App.3d at 161. The trial court was in the best position to determine the credibility of the witnesses, and ultimately decided Clark's testimony as to the intent of appellee's parents outweighed the fact that the deed was transferred to both parties during the marriage. After reviewing the record, we find there is competent, credible evidence supporting the trial court's classification.
 {¶ 16} Appellant also argues that the trial court abused its discretion in finding the value of the property as of the date of the transaction in 1992 to be $145,000.
 {¶ 17} R.C. 3105.171, which governs property distribution, expresses no specific way for the trial court to determine valuation. Focke v.Focke (1992), 83 Ohio App.3d 552, 555. An appellate court's duty is not to require the adoption of any particular method of valuation, but to determine whether, based upon all the relevant facts and circumstances, the court abused its discretion in arriving at a value. James v.James *Page 6 
(1995), 101 Ohio App.3d 668, 680.
 {¶ 18} At the hearing, appellee testified that the South Carolina property had been appraised at $285,000 as of the date of the parties' separation on June 14, 2006. Appellee also testified that at the time of the transfer of the property in 1992 from his parents to the parties, the property was appraised at $145,000. Further, appellee submitted the appraisal reports as exhibits. Appellant neither objected to the admission of the appraisal reports, nor did she provide any contrary evidence of the value of the property as of 1992 or 2006. Moreover, appellant has not even specified what she believes the value of the property to be as of either date. Under these circumstances, we find the trial court did not abuse its discretion in accepting appellee's appraisal amounts for the property.
 {¶ 19} Appellant's first assignment of error is overruled.
 {¶ 20} Assignment of Error No. 2:
 {¶ 21} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT WHEN IT DIVIDED THE PARTIES' ACCOUNTS AND DEBTS EQUALLY BETWEEN THE PARTIES."
 {¶ 22} In her second assignment of error, appellant first argues the trial court abused its discretion when equally dividing debt that was allegedly in the name of appellee only. Appellant maintains that appellee failed to demonstrate that some of the debt he incurred in his name was for the joint benefit of the parties or for a valid marital purpose.
 {¶ 23} A trial court's classification of debt as marital or separate is reviewed under the manifest weight of the evidence standard.Williams v. Williams, Warren App. No. CA2006-09-103, 2007-Ohio-2996, ¶ 38. In dividing property and assets, "[a] trial court must have the discretion to do what is equitable upon the facts and circumstances of *Page 7 
each case." Vujovic v. Vujovic, Medina App. No. 04CA0083-M,2005-Ohio-3942, ¶ 35, quoting Cherry v. Cherry (1981),66 Ohio St.2d 348, 355. Accordingly, we are limited to determining whether, in light of the totality of the circumstances of this particular case, the trial court's debt allocation determination at the time of divorce constituted an abuse of discretion. Id.
 {¶ 24} In its decision, the trial court ordered that appellant shall be responsible for the debts in her name alone totaling $4,578.47. Further, the trial court ordered that appellee is responsible for debt in the amount of $4,160.55. Finally, the court ordered that the parties shall equally divide the remaining debt totaling $37,755.54, or $18,877.77 each. Ultimately, the trial court ordered appellee to pay appellant $27,360.23, which is the difference between appellant's interest in the South Carolina property ($46,238.00) and appellant's debt obligation ($18,877.77).
 {¶ 25} Appellant does not dispute that the debt for which she is partially responsible was accumulated during the marriage. As the trial court found, both parties contributed to the marital debt by extensive use of credit cards.
 {¶ 26} Appellant is correct in her assertion that "marital debt is any debt incurred during the marriage for the joint benefit of the parties or for a valid marital purpose." Ketchum v. Ketchum, Columbiana App. No. 2001 CO 60, 2003-Ohio-2559, ¶ 47. However, like assets, debts accumulated during the marriage are presumed to be marital debts.Nemeth v. Nemeth, Geauga App. No. 2007-G-2791, 2007-Ohio-3263, ¶ 50. When debt is accumulated during the marriage, the burden is on the party seeking to have that debt classified as a separate liability to demonstrate, by a preponderance of the evidence, that such debt was the separate obligation of the other spouse. Id.; Brady v. Brady, Portage App. No. 2007-P-0059, 2008-Ohio-1657, ¶ 38.
 {¶ 27} In support of her argument, appellant has only made vague allegations *Page 8 
that appellee accumulated debt that is unrelated to a marital purpose. Because appellant has provided no evidence that any of the debt is a separate liability of appellee, we find appellant has failed to meet her burden of demonstrating that any of the debt is the separate debt of appellee rather than marital debt. Further, we find that the trial court did not abuse its discretion and its findings are supported by competent, credible evidence.
 {¶ 28} Finally, appellant argues that the trial court erred in ordering that each party is solely responsible for his and her own attorney fees.
 {¶ 29} R.C. 3105.73(B) states, "In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." The decision to award attorney fees in a divorce action is within the trial court's sound discretion, and the court's decision will be reversed only if it amounts to an abuse of discretion. Burkhart v. Burkhart, Clermont App. No. CA2008-04-042,2009-Ohio-1307, ¶ 37.
 {¶ 30} After a review of the record, we find no abuse by the trial court in requiring each party to be solely responsible for his and her respective attorney fees. While there is evidence in the record that some of the debt that the trial court ordered to be equally divided included payments made to appellee's counsel, there is also evidence in the record that appellee paid substantially more toward the marital debt than appellant between the time of the parties' separation and the date of the final divorce decree.
 {¶ 31} Appellant's second assignment of error is overruled. *Page 9 
 {¶ 32} Judgment affirmed.
WALSH and RINGLAND, JJ., concur.
[1] Initially, appellant argues without any supporting authority and apparently for the first time, that South Carolina law applies because the subject property is located in that state, and that state's law governs the property transaction. However, the validity and terms of the transaction are not at issue in this case. At issue is whether the property is classified as marital or separate property between two Ohio residents, and accordingly, we shall apply Ohio law in making this determination. See, e.g., Longo v. Longo, Geauga App. No. 2004-G-2556,2005-Ohio-2069. *Page 1