OPINION
{¶ 1} Plaintiff-appellant, Ruth Ann Montgomery, appeals the decision of the Brown County Common Pleas Court, Domestic Relations Division, regarding spousal support and property division in a divorce action. We affirm the decision of the trial court.
 {¶ 2} Appellant and defendant-appellee, Knute Rocky Montgomery, were married in 1981. Appellee had been married previously. Appellee and his first wife owned a home located on Ward Road in Wilmington, Ohio ("Ward Road property"). Appellee and appellant jointly obtained a mortgage in the amount of $27,000 to buy out appellee's first wife's interest in the Ward Road property. Appellant testified that at the time they obtained the mortgage, she believed the Ward Road property to be worth $77,000.
 {¶ 3} From 1981 through 1993, the parties resided at the Ward Road property and made improvements to the property. They also jointly refinanced the mortgage on the property. In February 1993, the parties purchased a new home and placed the Ward Road property for sale. They applied the proceeds from the sale of the Ward Road property toward the mortgage on their new home.
 {¶ 4} At the time of the divorce hearing, appellant was 59 years old and appellee was 70 years old. Appellant is a high school graduate and holds a "beauty school" certificate. She did not work outside the home during the marriage. At the time of the divorce hearing, appellant worked 12-15 hours per week at an IGA. Appellant is also being treated for end-stage renal disease, polycystic kidney disease, high blood pressure and heart problems.
 {¶ 5} Appellee is a college graduate and holds a realtor's license. Appellee testified that he had not been actively using his license, although at the time of the hearing, he had one property listed for sale. Appellee receives social security in the amount of $1,187 a month. Appellee suffers from high blood pressure and diverticulitis, with each controlled by medication.
 {¶ 6} Appellant filed for divorce in August of 2001. A hearing was held before the magistrate on January 8, 2002 and a decision and divorce decree were issued on March 6, 2002. Appellant filed objections to the decision. The trial court overruled the objections and entered a judgment entry on April 7, 2003. Appellant appeals raising two assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court erred in failing to award appellant spousal support."
 {¶ 9} Appellant maintains that the trial court erred in not awarding her spousal support. She argues that the trial court erroneously based its decision refusing spousal support upon appellant's expectancy of an inheritance from her mother.
 {¶ 10} We review spousal support determinations based upon an abuse of discretion standard. Bowen v. Bowen (1999),132 Ohio App.3d 616, 626; see, also, Smith v. Smith (Jan. 12, 2001), Huron App. No. H-99-029. In order to find an abuse of discretion, it must be determined that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} Pursuant to R.C. 3105.18(C)(1), a trial court considers various factors to ensure that spousal support is appropriate and reasonable. We note that the trial court stated that it "considered all of the factors under section R.C.3105.18." See McClung v. McClung, Franklin App. No. 03AP-156, 2004-Ohio-240 (holding that the trial court need not comment on every statutory factor, the record need only show that the trial court considered them).
 {¶ 12} Appellant maintains that she needs spousal support in order to live. She argues that she has health-care costs and cannot maintain full-time employment because of dialysis treatments. She argues that the money awarded to her through the division of property will not support her. She further argues that appellee, even though 70 years old, is underemployed, as he is not physically or medically prevented from working full-time. Finally she argues that the trial court improperly gave weight to the fact that she has an expectancy of inheritance from her mother. She "contends that the inheritance expectancy was too speculative to be factored in the trial court's denial of support."
 {¶ 13} Appellant's arguments are without merit. We agree with the trial court's decision. In its judgment entry, the trial court found that both parties' incomes and relative earning abilities were limited, and that there was no evidence presented of disparity between the parties' incomes or earning abilities. The trial court further noted that appellant would receive her personal IRA and half of appellee's Merrill Lynch IRA account. Finally, the trial court found that the denial of spousal support to appellant was warranted "irrespective of any consideration of potential expectancy" of appellant's potential inheritance from her mother. We note that appellee was also ordered to pay appellant's health insurance and Medicare supplement until she begins to receive SSI Disability.
 {¶ 14} Upon reviewing the record, we find there is evidence supporting the trial court's findings. We cannot say that the trial court's decision denying spousal support to appellant is so unreasonable, arbitrary or unconscionable as to amount to an abuse of discretion. Appellant's first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "The trial court erred in awarding appellee the first fifty thousand dollars ($50,000.00) from the sale of the parties' marital residence as separate, premarital property."
 {¶ 17} Assignment of Error No. 3:
 {¶ 18} "The trial court's award of the first fifty thousand dollars ($50,000.00) from the sale of the marital residence was against the manifest weight of the evidence."
 {¶ 19} We will address appellant's second and third assignments of error together as they concern the same issues.
 {¶ 20} A reviewing court may modify a property division only if it finds that the trial court abused its discretion in dividing the property as it did. Cherry v. Cherry (1981),66 Ohio St.2d 348, 355. Moreover, "judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279, 280. The weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact. Stoll v. Parrott Strawser Properties, Inc., Warren App. Nos. CA2002-12-133, CA2002-12-137, 2003-Ohio-5717.
 {¶ 21} In the present case, the trial court awarded appellee $50,000 from the sale of the parties' marital home as his separate premarital property.[1] Appellant maintains that this money was commingled with marital funds and lost its separate identity, becoming marital property.
 {¶ 22} As stated earlier, at the time appellant and appellee married, they decided to purchase appellee's first wife's interest in the Ward Road property. The Ward Road property was valued at $77,000. Appellee and appellant obtained a joint mortgage on the Ward Road property in the amount of $27,000 in order to buy out appellee's first wife's interest. Consequently, appellee retained a $50,000 premarital interest.
 {¶ 23} During the course of the marriage, the parties made improvements on the property and refinanced the mortgage. They sold the property for $84,500, netting approximately $64,000 from the sale. The parties then applied the proceeds from the sale of the Ward Road property to the mortgage on their new residence.
 {¶ 24} At all times the original $50,000 of appellee's premarital interest was traceable. Accordingly, the trial court did not abuse its discretion in awarding appellee his premarital interest from the Ward Road property of $50,000. Moreover, the trial court's decision was not against the manifest weight of the evidence, as competent, credible evidence going to all essential elements was produced. Accordingly, appellant's second and third assignments of error are overruled.
Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] We note that the trial court awarded appellant $5,398.50 from the sale of the marital home as her premarital interest because she used funds from a CD purchased prior to her marriage to appellee to pay off the mortgage on the marital home.