OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Plaintiff-appellant, Joseph Bey, appeals the judgment of the Mercer County Court of Common Pleas, Domestic Relations Division, granting his complaint for divorce from Defendant-appellee, Jeanette Bey[1], finding that a loan was no longer an asset of the parties, and finding that $6,000 in bonds were a marital asset. On appeal, Joseph argues that the trial court erred because Jeannette did not adequately trace the loan as her separate property and because evidence demonstrated that the bonds were purchased using his separate property. Based upon the following, we affirm the decision of the trial court.
 {¶ 3} Joseph and Jeanette married in July 1974. The parties' children were both emancipated at the time of this appeal.
 {¶ 4} In July 2006, Joseph filed a complaint for divorce.
 {¶ 5} In July 2007, the case proceeded to a final hearing before a magistrate, at which the following testimony was heard.
 {¶ 6} Concerning the bonds, Joseph testified that, between 2001 and 2005, he purchased six $1,000 bonds with money given to him by his father; that these *Page 3 
bonds list his father as the survivor beneficiary; and, that the parties had other bonds listing Jeanette as the survivor beneficiary.
 {¶ 7} Jeanette testified that Joseph told her that he had purchased bonds using his family's funds and that she heard Joseph testify at the final hearing that he purchased six bonds using money from his father that listed his father as the survivor beneficiary, but that she never saw the bonds; that she had no knowledge of whether Joseph purchased bonds using his separate property, but that it is possible; and, that Joseph told her that he and his siblings would periodically take money out of his father's account to keep the balance low in case his father became ill, but that she did not know how much the bonds were for or when he purchased them.
 {¶ 8} Concerning the loan at issue, Jeanette testified that she and her family business jointly owned the farm and residence in which she and Joseph lived during the marriage; that, at some point during the marriage, she and Joseph loaned $30,000 of marital funds to her family business (hereinafter the "$30,000 loan"), which paid 7.25% interest; that, at some later point during the marriage, she inherited approximately $30,000 from her mother's estate; that she desired to reinvest her inheritance in her family business so that she could receive 7.25% interest; that, "[r]ather than them writing [her] a check for it and then [her] turning around and writing them a check for the money that [she] had, [they both] just left it there and exchanged the money," which we interpret to mean that, in lieu of her *Page 4 
family business writing her a check for payment of her inheritance and her writing the family business a check to reinvest her inheritance, they merely exchanged the money figuratively, and that she switched her inheritance money with the $30,000 loan (hearing tr., p. 134); that the family business repaid the $30,000 loan during the marriage, with which she made improvements to the residence; that Joseph was aware that the loan repayment was used to improve the residence; that the $30,000 loan has been repaid in its entirety; and, that her inheritance remains invested in the family business, for which she continues to receive interest payments.
 {¶ 9} Joseph testified that, approximately fifteen years prior to the date of the hearing, he and Jeanette loaned $30,000 of marital funds to Jeanette's family's business, at a 7% interest rate; that Jeanette received checks each month as payment for interest on the loan; that, to his knowledge, no portion of the principal debt had been paid; that Jeanette never told him that the loan had been repaid through improvements to the residence, and he never consented to an expenditure of marital funds to improve the residence; and, that, when improvements were being made to residence, he believed that Jeanette's family business was merely improving property that it owned.
 {¶ 10} In October 2007, the magistrate issued a decision concluding, among other things, that the parties' bonds were marital property to be divided equally as "there is no evidence that the bonds are separate property or purchased with *Page 5 
separate monies traceable to that party." (2007 Magistrate's Decision, p. 15). The decision did not include any findings of fact or conclusions of law concerning the $30,000 loan.
 {¶ 11} In November 2007, Joseph filed objections to the magistrate's decision, arguing, in part, that the magistrate made no findings of fact or conclusions of law concerning the $30,000 loan, which he contended was a marital asset still owed to the parties. Additionally, Joseph objected to the magistrate's determination that there was no evidence that $6,000 in bonds were his separate property. Jeanette also filed objections to the magistrate's decision not pertinent to this appeal.
 {¶ 12} In August 2008, the trial court filed a judgment entry addressing Joseph's and Jeanette's objections to the magistrate's decision. The trial court determined, in part, that the $30,000 loan from the parties to Jeanette's family business had been repaid, and, thus, was no longer an asset of the parties. Additionally, in regard to the $6,000 in bonds, the trial court overruled Joseph's objection, finding that the magistrate appropriately weighed the credibility of the witnesses and determined that the bonds were marital property to be equitably divided. Additionally, the trial court issued the final judgment entry decree of divorce.
 {¶ 13} It is from this judgment that Joseph appeals, presenting the following assignments of error for our review. *Page 6 
 Assignment of Error No. I THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FOUND THAT THE $30,000.00 LOAN MADE BY THE PARTIES TO THE DEFENDANT'S FAMILY WAS REPAID AND NO LONGER AN ASSET OF THE PARTIES.
 Assignment of Error No. II THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FOUND THAT THE $6,000.00 OF BONDS PURCHASED WITH THE PLAINTIFF-APPELLANT'S SEPARATE PROPERTY WERE A MARITAL ASSET.
 {¶ 14} The following standard of review and discussion of law applicable to marital and separate property applies throughout.
 Standard of Review {¶ 15} "In determining whether the trial court has appropriately categorized property as separate or marital, the standard of review is whether the classification is against the manifest weight of the evidence." Eggeman v. Eggeman, 3d Dist. No. 2-04-06, 2004-Ohio-6050, ¶ 14, citing Henderson v. Henderson, 3d Dist. No. 10-01-17, 2002-Ohio-2720, ¶ 28. Accordingly, the trial court's judgment will not be reversed if the decision is supported by some competent, credible evidence. Eggeman, 2004-Ohio-6050, at ¶ 14, citing DeWitt v.DeWitt, 3d Dist. No. 9-02-42, 2003-Ohio-851, ¶ 10. In determining whether competent, credible evidence exists, "[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and *Page 7 
observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony." Barkley v.Barkley (1997), 119 Ohio App.3d 155, 159, citing In re Jane Doe I
(1991), 57 Ohio St.3d 135.
 Marital and Separate Property {¶ 16} In a divorce proceeding, a trial court must classify property as either marital or separate and then award each spouse his or her separate assets. R.C. 3105.171(B), (D). Marital property includes "all real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage." R.C. 3105.171(A)(3)(a)(i). R.C. 3105.171(A)(6)(a) describes separate property, stating, in pertinent part:
 "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 * * *
 (i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;
 * * *
 (vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.
 {¶ 17} In addition, "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). Therefore, traceability is the main issue in determining *Page 8 
whether separate property has become marital property due to commingling. Earnest v. Earnest, 151 Ohio App.3d 682, 2003-Ohio-704, ¶ 38, citing Peck v. Peck (1994), 96 Ohio App.3d 731, 734. Finally, "the party seeking to establish an asset as separate property * * * has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property." Id.
 Assignment of Error No. I {¶ 18} In his first assignment of error, Joseph contends that the trial court erred when it found that the $30,000 loan made by the parties to Jeanette's family business was repaid and no longer an asset of the parties at the time of the divorce. Specifically, Joseph argues that the loan, made with marital funds, was never repaid and disputes Jeanette's testimony that she "switched" the inheritance money owed her from the family business with the $30,000 loan, and that her family business repaid the $30,000 loan, with which the parties improved the residence. Joseph argues that he was unaware that such a "switch" was ever made; that he never agreed that marital funds be expended to improve the residence; and, that Jeanette presented no evidence to trace her inheritance into the loan. We disagree.
 {¶ 19} Although Joseph testified that Jeanette never told him that the loan had been repaid through improvements to the residence and that he never consented to an expenditure of marital funds to improve the residence, Jeanette testified that Joseph was aware of the "switch" of the $30,000 loan and her *Page 9 
inheritance, and consented to it, as well as to improving the residence with the $30,000 loan repayment; that the $30,000 loan was repaid in its entirety; and, that her inheritance remained invested in the family business. Although the parties' testimony conflicts, a trial court is in the best position to determine witness credibility. SeeBarkley, supra. As such, we find that the trial court did not err in accepting Jeanette's version of events and find that competent, credible evidence supported its conclusion that the $30,000 loan was repaid and no longer an asset of the parties.
 {¶ 20} Accordingly, we overrule Joseph's first assignment of error.
 Assignment of Error No. II {¶ 21} In his second assignment of error, Joseph contends that the trial court erred when it found that $6,000 of the parties' bonds were a martial asset and were not purchased using his separate funds. Specifically, Joseph argues that Jeanette acknowledged at trial that she was aware Joseph had purchased these bonds with his separate funds and that Jeanette presented no evidence challenging the separate nature of those bonds. We disagree.
 {¶ 22} Although Joseph contends that Jeanette admitted that he had purchased the bonds using separate property, her testimony was not unequivocal. Jeanette acknowledged that Joseph told her that he bought savings bonds using money from his family and acknowledged that she had heard Joseph's testimony at the hearing that he used separate funds to purchase six bonds. However, *Page 10 
Jeanette also stated that she never saw any of the bonds before the divorce action was filed, and that, although Joseph told her that he and his siblings would periodically take money out of his father's account, she had no knowledge of how many bonds he may have purchased with the funds or when he purchased them. Again, given that a trial court is in the best position to weigh witness credibility, we find that competent, credible evidence supported the trial court's determination that Joseph failed to demonstrate that the bonds were his separate property.
 {¶ 23} Accordingly, we overrule Joseph's second assignment of error.
 {¶ 24} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 PRESTON, P.J. and SHAW, J., concur.
[1] We note that, in certain parts of the record, Defendant-appellee's name is listed as "Jeanetta"; however, we elect to use the spelling provided in Joseph's notice of appeal. *Page 1