[Cite as *Nungester v. Nungester*, 2017-Ohio-6935.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

KATE NUNGESTER,

      PLAINTIFF-APPELLEE,

      v.

ROBERT NUNGESTER,

      DEFENDANT-APPELLANT.

CASE NO. 9-16-64

O P I N I O N

Appeal from Marion County Common Pleas Court
Family Division
Trial Court No. 13-DR-044

Judgment Reversed and Cause Remanded

Date of Decision:  July 24, 2017

APPEARANCES:

      *Ted Coulter* for Appellant

      *Nathan Witkin* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Robert D. Nungester ("Robert") brings this appeal from the judgment of the Court of Common Pleas of Marion County, Family Division, denying his motions to allocate parental rights and responsibilities and his motion to modify parenting time. For the reasons set forth below, the judgment is reversed.

{¶2} Robert and plaintiff-appellee Kate Nungester ("Kate") were divorced on August 23, 2013. Doc. 58. At that time, they entered into an agreed parenting plan for their three minor children, Katlyn, Roston, and Kareston. *Id*. The agreement designated Kate as the residential parent and gave visitation to Robert with the intent to increase his visitation over time to equal that set forth in Marion County Local Rule 32(A). *Id*. The visitation was to be increased at the recommendation of the children's counselor with overnight visits occurring when Robert had appropriate housing. *Id*.

{¶3} On March 20, 2015, Robert filed a motion to modify the agreement and to be named the residential parent of the children. Doc. 60. That same day Robert also filed a motion to modify his parenting time. Doc. 61. On April 3, 2015, Kate filed a motion to show cause alleging that Robert had failed to pay her funds as required in the divorce decree. Doc. 75. Robert then filed a motion to show cause alleging that Kate had failed to allow him access to the barn on the property as required by the court order and for removing him from the medical insurance before

authorized to do so by the court order. Doc. 87. On March 23, 2016, Robert and Kate resolved these issues in an agreement and stipulation of the parties. Doc. 113. The agreement also provided a modification of the visits from being supervised by the Marion County's Supervised Visitation Agency ("CAREFIT") to occurring in a public place and being supervised by Kate. *Id*. The agreement also provided that Robert would meet with the children at counseling sessions at the discretion of the counselor. *Id*. Another provision was that the parties could "mutually agree to progression to periods of unsupervised parenting time with [Robert] and the minor children before the next evidentiary review hearing." *Id.* at 4.

{¶4} On October 18, 2016, a hearing was held on Robert's motions. Doc. 127. Robert indicated at the hearing that he merely wanted to expand his visitation rights to match the default visitation schedule of the court. Tr. 4. No argument was made as to a change of circumstance that would support the motion to change the residential parent from Kate to Robert. On November 23, 2016, the trial court entered judgment denying Robert's motions. Doc. 127. The judgment specified that Robert was seeking more specific parenting time "in accordance with Local Rule 32A". *Id*. at 2. Findings of fact and conclusions of law were filed by the trial court on December 5, 2016. Doc. 129. Robert filed his notice of appeal on December 22, 2016. Doc. 132. On appeal, Robert raises the following assignments of error.

### First Assignment of Error

**The trial court erred as a matter of law by requiring there be proven a change of circumstances of the children of residential parent before there was a modification of the parenting time (visitation order) of [Robert].**

### Second Assignment of Error

**The trial court erred as a matter of law, abused its discretion and erred against the weight of the evidence by determining it was not in the best interests of the parties' children to have Local Rule 32(A) parenting time with [Robert] and therefore denying [Robert's] motion to modify parenting time.**

{¶5} The establishment of a non-residential parent's visitation rights is left to the sound discretion of the trial court and will not be reversed on appeal absent a showing that an abuse of that discretion has occurred. *Cichanowicz v. Cichanowicz,* 3d Dist. Crawford No. 3-13-05, 2013-Ohio-5657, ¶ 71. "The term 'abuse of discretion' means more than a mere error; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Hay v. Shafer*, 3d Dist. Mercer No. 10-10-10, 2010-Ohio-4811, ¶ 10. Since the trial court is in the best position to observe the witnesses and weigh the testimony, a reviewing court should not reverse a decision merely because it disagrees with the outcome. *Clark v. Clark*, 3d Dist. Union No. 14-06-56, 2007-Ohio-5771, ¶23. "A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal Co., Inc. v. City of Cleveland,* 10 Ohio St.3d 77, 81, 461 N.E.2d 1273 (1984).

**{¶6}** The Ohio Supreme Court has determined that modification of a child visitation is governed by R.C. 3109.051 unless shared parenting was ordered. *Braatz v. Braatz*, 85 Ohio St.3d 40, 1999-Ohio-203, 706 N.E.2d 1218.

> **" 'Visitation' and 'custody' are related but distinct legal concepts. 'Custody' resides in the party or parties who have the right to ultimate legal and physical control of a child. 'Visitation' resides in a noncustodial party and encompasses that party's right to visit the child. * * * In other words, 'visitation' is granted to someone who does not have 'custody.' Although a party exercising visitation rights might gain temporary physical control over the child for that purpose, such control does not constitute 'custody' because the legal authority to make fundamental decisions about the child's welfare remains with the custodial party and because the child eventually must be returned to the more permanent setting provided by that party."**

*Id*. at 44 quoting *In re Gibson*, 61 Ohio St.3d 168, 171, 573 N.E.2d 1074 (1991). Based upon this reasoning, the Court held that the appropriate statute for questions of modification of visitation was R.C. 3109.051, not R.C. 3109.04. The statute states in pertinent part the following.

> **(A) If a divorce * * * proceeding involves a child and if the court has not issued a shared parenting decree, the court shall consider any mediation report filed pursuant to [R.C. 3109.052] and, in accordance with division (C) of this section, shall make a just and reasonable order or decree permitting each parent who is not the residential parent to have parenting time with the child at the time and under the conditions that the court directs, unless the court determines that it would not be in the best interest of the child to permit that parent to have parenting time with the child and includes in the journal its findings of fact and conclusions of law. Whenever possible, the order or decree permitting the parenting time shall ensure the opportunity for both parents to have frequent and continuing contact with the child, unless frequent**

**and continuing contact by either parent with the child would not be in the best interest of the child. \* \* \***

**\* \* \***

**(C) When determining whether to grant parenting time rights to a parent pursuant to this section \* \* \*, when establishing a specific parenting time or visitation schedule, and when determining other parenting time matters under this section \* \* \*, the court shall consider all other relevant factors, including, but not limited to, all of the factors listed in division (D) of this section. \* \* \***

**(D) In determining whether to grant parenting time to a parent pursuant to this section \* \* \* in establishing a specific parenting time or visitation schedule, and in determining other parenting time matters under this section \* \* \*, the court shall consider all of the following factors.**

**(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, \* \* \*;**

**(2) The geographical location of the residence of each parent and the distance between those residences, \* \* \*;**

**(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;**

**(4) The age of the child;**

**(5) The child's adjustment to home, school, and community;**

**\* \* \***

**(7) The health and safety of the child;**

**\* \* \***

**(9) The mental and physical health of all parties;**

**(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;**

\* \* \*

**(13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;**

\* \* \*

**(16) Any other factor in the best interest of the child.**

R.C. 3109.051. "The party seeking the modification of the parenting time schedule bears the burden of proving that the requested change is in the child's best interest." *Cichanowicz, supra* at ¶ 70 quoting *Williamson v. Cooke,* 10th Dist. Franklin No. 09AP-222, 2009-Ohio-6842, ¶ 17/

{¶7} Robert argues in the first assignment of error that the trial court erred in denying his motion for a modification of his visitation rights because there was no change of circumstances as is required by R.C. 3109.04. In *Braatz* the Supreme Court of Ohio determined that a modification of visitation does not require the moving party to show a change of circumstances. *Braatz, supra* at 45. Instead the trial court must consider the statutory factors set forth in R.C.3109.051(D) and make a determination as to the best interest of the child. *Id.* There is no question that the trial court in its entry used the wrong statute in considering the motion. Specifically,

the trial court stated that R.C. 3109.04 was the guide to be followed when addressing the modification of parental rights and responsibilities. Doc. 127. This would be correct for a modification of parental rights, but the trial court was addressing a modification of visitation, not a modification of custody.[1] As discussed above, the correct statute to be used in modifications of visitation is R.C. 3109.051. Pursuant to the statute, the trial court must consider the listed factors. A review of the two statutes shows that the factors listed in R.C. 3109.04(F), which were addressed by the trial court in this case, do somewhat overlap with the factors set forth in R.C. 3109.051. However, there are several additional factors set forth in R.C. 3109.051 which the statute states "shall" be considered. The trial court failed to consider those factors and applied the incorrect statute. An error at law is reversible error. Thus, the trial court erred as a matter of law by failing to consider the statutory factors set forth in R.C. 3109.051. The first assignment of error is sustained.

{¶8} In the second assignment of error, Robert claims that the trial court's determination as to the best interest of the children was not supported by the manifest weight of the evidence. This court noted above that the trial court used the wrong statute when considering the best interests of the children. Before the trial court can make a determination as to the best interests of the children in a case

---

[1] Although Robert filed a motion to modify parental rights and responsibilities as well as a motion to modify parenting time, he did not argue that a change of custody should occur. As discussed above, he indicated to the trial court that he only wished to have visitation as set forth in the local rules, not change the residential parent status. Based upon the judgment entry, the trial court identified this as the only issue for review as well.

involving a modification of visitation, it must consider the factors mandated by R.C. 3109.051. The trial court did not do so in this case. Therefore the second assignment of error is sustained.

{¶9} Having found prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Marion County, Family Division is reversed and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**PRESTON, P.J. and SHAW, J., concur.**

**/hls**