[Cite as *Nungester v. Nungester*, 2018-Ohio-1113.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

KATE NUNGESTER,

    PLAINTIFF-APPELLEE,                     CASE NO. 9-17-40

    v.

ROBERT NUNGESTER,                        **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Family Division
Trial Court No. 13 DR 0044

**Judgment Affirmed**

**Date of Decision: March 26, 2018**

APPEARANCES:

    *Ted Coulter* **for Appellant**

    *Nathan Witkin* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Appellant, Robert Nungester, Jr. ("Robert") appeals the amended judgment entry of the Marion County Common Pleas Court, Family Division, wherein the trial court denied Robert's motion to modify parenting time.

{¶2} Robert appealed the trial court's first judgment entry with this Court on December 22, 2016, in *Nungester v. Nungester*, 3d Dist. Marion No. 9-16-64, 2017-Ohio-6935. The result of that appeal led to our remand order because the trial court used R.C. 3109.04, not R.C. 3109.051, as its best interest guide when addressing a modification of visitation. Robert's current appeal is from the amended judgment entry issued by the trial court pursuant to our remand in the prior appeal.

*Facts and Procedural History of Prior Appeal*

{¶3} Robert and Kate Nungester ("Kate") were divorced on August 23, 2013 in the Marion County Common Pleas Court. As part of their divorce, they entered into an agreed parenting plan for their three minor children. The shared parenting plan designated Kate as the residential parent and permitted Robert limited visitation with the opportunity for Robert to increase visitation over time to parenting time set forth in the Marion County Local Rule 32(A). Robert's visitation was to be reconsidered upon the recommendation of the children's counselor, with overnight visits to start when Robert had obtained appropriate housing.

{¶4} On March 20, 2015 Robert filed a motion in the trial court to modify the shared parenting plan to be named the residential parent of the children, along with a motion to modify his parenting time. However, pending a final hearing on his motions, on March 23, 2016, Robert and Kate entered into an agreement modifying Robert's visitation (with the children) from being supervised by the Marion County Supervised Visitation Agency ("C•A•R•E | F•I•T•") to visitation occurring in a public place and supervised by Kate. The agreement also required Robert to attend counseling sessions with the children at the discretion of the children's counselor. Lastly, the modification provided that Robert and Kate could mutually agree to periods of unsupervised parenting time with the minor children (by Robert) before the next court review hearing.

{¶5} Ultimately, a hearing was held in the trial court on Robert's motions. At that hearing, Robert advised the trial court that he only wanted to expand his visitation rights to match the default visitation schedule of the trial court under its local rule. On November 23, 2016, the trial court entered a judgment entry denying Robert's motions. Robert timely filed his appeal and this court remanded the case to the trial court.

*Facts and Procedural History of Current Appeal*

{¶6} Pursuant to our remand, on September 15, 2017, the trial court issued its amended judgment entry in which it analyzed the factors set forth in R.C.

3109.051(D) determining that it was in the best interest of the children to deny Roberts motion to modify the prior order as to his parenting time. (Doc. 149). Robert has timely appealed the trial court's amended entry wherein he asserts a sole assignment of error for our review.

### ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED AS A MATTER OF LAW, ABUSED ITS DISCRETION AND ERRED AGAINST THE WEIGHT OF THE EVIDENCE BY DETERMINING IT WAS NOT IN THE BEST INTERESTS OF THE PARTIES' CHILDREN UNDER R.C. 3109.051 FACTORS TO HAVE LOCAL RULE 32A PARENTING TIME WITH THEIR FATHER/DEFENDANT-APPELLANT AND THEREFORE DENYING THE FATHER/DEFENDANT-APPELLANT'S MOTION TO MODIFY PARENTING TIME.**

**{¶7}** In his assignment of error, Robert agues the trial court abused its discretion when it denied his motion to modify parenting time. We disagree.

*Standard of Review*

**{¶8}** The abuse of discretion standard is used to review a trial court's decision to grant visitation. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1988). A court abuses its discretion when it makes a decision that is "unreasonable, arbitrary, or unconscionable". *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Upon review, appellate courts must accord the utmost respect to the trial courts discretion. *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). Thus, the reviewing court in such

proceedings should be guided by the presumption that the trial court's findings were correct. *Id*. citing *Seasons Cole Co. v. Cleveland*, 10 Ohio St.3d 77, 80.

*Analysis*

**{¶9}** In *Braatz v. Braatz*, 85 Ohio St.3d 40 (1999), the Supreme Court of Ohio set forth the appropriate standard for trial courts to apply when faced with the decision of whether to modify an existing visitation order. The Supreme Court clarified that R.C. 3109.051 governs the modification of visitation rights. (*Id*. at paragraph one of the syllabus.) The Court went on to explain that "[t]he party requesting a change in visitation rights need make no showing that there has been a change in circumstances in order for the court to modify those rights. Pursuant to R.C. 3109.051(D), the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child". (*Id*. at paragraph two of the syllabus.) These factors are:

(1) The prior interaction and interrelationships of the child with the child's parents, * * *;

(2) The geographical location of the residence of each parent and the distance between those residences, * * *;

(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;

(4) The age of the child;

(5) The child's adjustment to home, school, and community;

(6)   If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent * * *, as to a specific parenting time or visitation schedule, or as to other parenting time or visitation matters, the wishes and concerns of the child, as expressed to the court;

(7)   The health and safety of the child;

(8)   The amount of time that will be available for the child to spend with siblings;

(9)   The mental and physical health of all parties;

(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, * * *;

(11) In relation to parenting time, whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(12) * * *

(13) Whether the residential or one of the parents [sic] subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(14) Whether either parent has established a residence or is planning to establish a residence outside this state;

(15) * * *

{¶10} Applying the relevant best interest factors under R.C. 3109.051(D) to the case before us reveals that the trial court determined that a modification of Robert's visitation was not in the children's best interest. Specifically, in its September 15, 2017 amended judgment entry, the trial court found as follows:

> "* * * the prior interaction and interrelationship between the children and their father has been strained for several years, See [sic] Ohio Revised Code §3109.051(D)(1).
>
> All parties and the children in [sic] reside in Marion, Ohio, see Ohio Revised Code §3109.051(D)(2).
>
> Plaintiff/Mother is employed. Defendant/Father is not employed. * * * The children are all school age and attend Elgin Schools, see Ohio Revised Code §3109.051(D)(3).
>
> The parties have three (3) children, Katelyn, dob: 12/22/04, Roston, dob: 05/15/07, and Kareston, dob: 04/05/08. See Ohio Revised Code 3109.051(D)(4).
>
> The Court finds the children are well adjusted to their mother's home, their school and community. All three children perform well academically. They are also engaged in extracurricular activities. See Ohio Revised Code §3109.051(D)(5).
>
> The Court finds the children and father struggle with their relationship. Counseling to address the relationship was provided with little to no success. * * * The Court interviewed the children. All the children expressed reservations regarding visits with Father. The children and Father attempted joint counseling. Two sessions occurred and limited progress was made, as Father did not continue to counsel. The children expressed their desire that visits continue to be supervised should visits be continued. See Ohio Revised Code §3109.051(D)(6).

> **\* \* \* Roston suffers from anxiety for which he takes medication and counsels, see Ohio Revised Code §3109.051(D)(7). See also Ohio Revised Code §3109.051(D)(9).**
>
> **All three children reside with Mother and appear to be well bonded.  See Ohio Revised Code §3109.051(D)(8).**
>
> **Efforts to facilitate visitation have been extensive.  Visits occurred at the C•A•R•E | F•I•T• visitation center for an extended period of time with limited results.  Plaintiff/Mother made efforts for the visits to be more engaging between Father and children by providing a meal for the children and Defendant/Father to enjoy at C•A•R•E | F•I•T•.  Plaintiff/Mother also, \* \* \*, arranged outings at such places as the zoo, the Ohio State Fair, COSI and other such activities for the children and father.  Mother absorbed the cost of these outings and maintained her distance to allow the children and Father to experience these venues together.  See Ohio Revised Code §3109.051(D)(10).**
>
> **Neither parent has been convicted or pleaded guilty of any act that resulted in a child being adjudicated neglected or abused.  See Ohio Revised Code §3109.051(D)(11).**
>
> **The residential parent has made significant efforts to encourage and facilitate visitation between Father and the children including paying for counseling for children and Father and arranging activities for Father and children to do together, See [sic] Ohio Revised Code §3109.051(D)(13).**
>
> **Both parties continue to reside in Marion, Ohio.  There has been no notice to the Court of either party intending to relocate.  See Ohio Revised Code §3109.051(D)(14)."**

(Doc. 149).

{¶11} In reviewing the record, we find the trial court was presented with competent and credible evidence regarding the factors listed in R.C. 3109.051(D) such as: the strained relationship between the children and their father; the

children's reservations of visiting with their father; the children's wishes for supervised visitation to continue; and the father's lack of commitment to counseling with the children to help reconcile their relationship. In its amended entry, the trial court properly reviewed and discussed the factors under R.C. 3109.05(D) when analyzing the best interests of the children in regards to Robert's modification of visitation motion. "An appellate court will not reweigh the evidence introduced at trial; rather, we will uphold the findings of the trial court if the record contains some competent, credible evidence to support the trial court's conclusions." *Eggeman v. Eggeman*, 3d Dist. Auglaize No. 2-04-06, 2004-Ohio-6050, ¶27. In determining whether competent, credible evidence exists, "[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony". *Bey v. Bey*, 3d Dist. Mercer No. 10-08-12, 2009-Ohio-300, ¶15, quoting *Barkley v. Barkley*, 119 Ohio App.3d 155, 159.

{¶12} Thus, we find the trial court's findings were not an abuse of discretion because competent and credible evidence exists in the record as to whether it was in the best interest of the children to have the standard local court visitation time with their father. Accordingly, Robert's sole assignment of error is not well taken and is overruled.

{¶13} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment entry of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**