[Cite as *Etter v. Etter*, 2025-Ohio-4512.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| TAMI D. ETTER, | : | |
| | | CASE NO. CA2025-04-025 |
| Appellant, | : | |
| | | <u>OPINION AND</u> |
| | : | <u>JUDGMENT ENTRY</u> |
| - vs - | | 9/29/2025 |
| | : | |
| KURT H. ETTER, | : | |
| | | |
| Appellee. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 24DR44487


Stephan & Stephan Law Group, and April H. Moore, for appellant.

Gerald M. Wirsch, for appellee.


## O P I N I O N


**SIEBERT, J.**

{¶ 1} Tami D. Etter ("Wife") appeals the judgment entry and decree of dissolution entered by the Warren County Court of Common Pleas, Domestic Relations Division.

{¶ 2}  In her four assignments of error, Wife asserts the magistrate and trial court erred in finding various payments and purchases made by Kurt Etter ("Husband") from his own accounts remained his separate property interests. We overrule each assignment of error. The record demonstrates the at issue assets were traced to Husband's separate accounts, and Wife gives this court no reason to second-guess the factual and credibility determinations made below.

**Factual and Procedural Background:**

{¶ 3}  The parties married in 2020. During the marriage the parties purchased a home located at 280 Montgomery Lane, Springboro, Ohio (the "Marital Home") and rental property located at 115 Carey Lane, Springboro, Ohio (the "Rental Property"). Wife filed a complaint for divorce in 2024. The magistrate held an evidentiary hearing in October of 2024.

{¶ 4}  Prior to their marriage, the parties executed a prenuptial agreement. The agreement stated:

> All property acquired from any source, including but not limited to, gifts, inheritances, from employment, relationships, future wages and salaries, or from other income, regardless of type, by either Kurt or Tami, after this agreement is signed, shall be and remain the sole and exclusive property of that person, including any income from that property, all appreciation and value of that property, and including any change of form through such property being traded, replaced or sold.

{¶ 5}  The parties agreed Wife received a $198,000 check from Husband's checking account. Neither party disputed that Husband inherited these funds from his former wife. The memo portion of the check stated—in typed writing—"gift." Husband testified he did not write the word. Wife testified to her belief the check was a "permanent gift," but when asked if the funds were "earmarked for a specific purpose," Wife replied "Yes . . . to put towards a home we were building." Husband testified he provided Wife

- 2 -

the check so she could demonstrate to the mortgage lender that she had separate collateral to facilitate the mortgage being in her name only.

{¶ 6} As to the Rental Home, Husband made a down payment of $42,949.16, with Wife making an earnest deposit of $1,000.00. Testimony and evidence established Husband paid for insurance, mortgage, taxes, and various repairs to the Rental Property from his own accounts. Subsequent earnings from the Rental Home were deposited into an account held by both parties. The Rental Property generated monthly rental income of $1,650.

{¶ 7} The parties also disputed how the value of some furniture, an RV, and proceeds from selling the parties' hot tub should be divided. The furniture and RV were purchased by Husband with his own funds.

{¶ 8} After a hearing, the magistrate found: (1) the $198,000 down payment on the Marital Home was not meant as a gift to Wife, was traceable to Husband's accounts, and remained Husband's separate property; (2) the $42,949.16 down payment on the Rental Property was also Husband's separate property and traceable to Husband's accounts; (3) Wife was not entitled to any portion of the rental proceeds on the Rental Property as the expenses for the Property paid by Husband exceeded the rental income or were otherwise "offset" by money received by Wife for selling the parties' hot tub; and (4) the furniture and RV acquired during the marriage were traceable to Husband's accounts and remained his separate property.

{¶ 9} The trial court adopted the decision of the magistrate, and Wife now appeals.

**Applicable Law**

{¶ 10} We review the classification of property or debt as marital or separate under the manifest-weight-of-the-evidence standard and will not reverse a trial court's

classification if it is supported by competent and credible evidence. *Smith v. Smith*, 2023-Ohio-982, ¶ 28 (12th Dist.).[1] In determining whether competent and credible evidence exists, "'[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony.'" *Grow v. Grow*, 2012-Ohio-1680, ¶ 11 (12th Dist.), quoting *Bey v. Bey*, 2009-Ohio-300, ¶ 15 (3d. Dist.), in turn, quoting *Barkley v. Barkley*, 119 Ohio App.3d 155, 159 (4th Dist. 1997).

{¶ 11} Under Ohio law, a party claiming a separate interest in property must establish that interest by a preponderance of the evidence. *Todor v. Ballesteros-Cuberos*, 2024-Ohio-4525, ¶ 9 (12th Dist.), citing *Peck v. Peck*, 96 Ohio App.3d 731, 734 (12th Dist. 1994). "This standard requires the claiming party to demonstrate that it is more likely than not that the asset in question is indeed separate property, rather than marital property subject to division in the divorce proceedings." *Id*. Separate interests in property "may be commingled with marital property without losing its distinct status, provided . . . it remains traceable." *Id*. at ¶ 22, citing R.C. 3105.171(A)(6)(b).

{¶ 12} "Marital property" includes "[a]ll real and personal property that currently is owned by either or both of the spouses . . . and that was acquired by either or both of the spouses during the marriage." R.C. 3105.171(A)(3)(a)(i). "'Marital property' does not include any separate property." R.C. 3105.171(A)(3)(b). In turn, "separate property" includes, but is not limited to (1) personal property "acquired by one spouse prior to the date of marriage," (2) "[a]ny . . . personal property . . . that is excluded by a valid antenuptial or postnuptial agreement," and (3) "[a]ny gift of any . . . personal property . . .

---

1. Both parties incorrectly assert that we review the trial court's determination for an abuse of discretion.

that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. 3105.171(A)(6)(a). Ohio courts have long recognized that the elements of an inter vivos gift are:

> [1] an intention on the part of the donor to transfer the title and right of possession of the particular property to the donee then and there, and [2] in pursuance of such intention, a delivery by the donor to the donee of the subject-matter of the gift . . . with relinquishment of ownership, dominion, and control over it.

*Bolles v. Toledo Trust Co.*, 132 Ohio St. 21 (1936), paragraph one of the syllabus.[2] The donee has the burden of proving that the at issue property is separate. *Casper v. Casper*, 2013-Ohio-4329, ¶ 12 (12th Dist.). Importantly, "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b).

**Analysis**

*First Assignment of Error – To Gift or Not to Gift?*

{¶ 13} In her first assignment of error, Wife argues the trial court incorrectly concluded the $198,000 check made out by Husband to Wife remained Husband's separate property despite "gift" being typed on the memo line.

{¶ 14} We conclude the magistrate and trial court did not err by deeming the $198,000 used to purchase the Marital Home remained Husband's separate property. While the check contained the word "gift" in the memo line, the magistrate credited Husband's testimony that (1) he did not have "gift" written in the memo line, (2) that the check did not represent a gift of the money, and (3) the check was intended to provide

---

2. In more simple terms, "The essential elements of an inter vivos gift are (1) intent of the donor to make an immediate gift, (2) delivery of the property to the donee, and (3) acceptance of the gift by the donee." *Casper v. Casper*, 2013-Ohio-4329, ¶ 12 (12th Dist.), citing *Bolles*.

Wife liquidity to secure mortgage funding on the Marital Home the two would share. Wife also recognized the check was "earmarked" to purchase the Marital Home. As a result, Wife cannot establish the first element of an inter vivos gift, and we conclude she failed to meet her burden to provide competent and credible evidence that Husband intended the check to be a gift and should therefore be Wife's separate property. Even though it was not his burden under the law, Husband provided competent and credible evidence supporting the magistrate and trial court's finding that the $198,000 remained Husband's separate property.

*Second and Third Assignments of Error – "Show Me [the Source of] the Money!"*

{¶ 15} Next, Wife argues the trial court erred in concluding Husband's down payment of $42,949.16 for the Rental Home was his separate property because it is inconsistent with how the trial court resolved the $198,000 down payment on the Marital Home. Wife reasons that because the immediate source of payment for the Marital Home was Wife's account and the immediate source of payment for the Rental Home was Husband's account, the trial court erred in concluding both were Husband's separate property. Additionally, Wife argues the at issue furniture and RV purchased during the parties marriage should have been considered marital property and equally divided between them.

{¶ 16} Put simply, Wife's argument are myopic. The magistrate and trial court's determination of these issues stemmed not from the immediate source of *payment*, but upon the ultimate source of the *funds*. There is no question that the funds used toward purchasing the Marital Home, Rental Home, at issue furniture, and the RV, could be traced to Husband's accounts and thus remained Husband's separate property under Ohio law. The parties' prenuptial agreement stated the same. Outside of the Marital Home, there is absolutely no evidence that any of this property should be deemed marital property, and as

discussed above, Wife did not meet her burden to provide competent and credible evidence that Husband intended the check for the Marital Home to be a gift to Wife.

{¶ 17} These two assignments of error are overruled.

*Fourth Assignment of Error – Taxes, Insurance, Repairs, Oh My!*

{¶ 18} Finally, Wife argues the trial court should have split the profits from the Rental Home between the parties. Wife asserts that outside of Excel sheets made by Husband, no proof existed to verify the expenses Husband claimed he paid for the Rental Home.

{¶ 19} Wife's arguments give us no reason to question the magistrate's resolution of this issue of fact and its consideration of the credibility of each party's testimony. Moreover, Wife's arguments ignore the magistrate's consideration of the fact that Husband also paid for the Rental Home's taxes and insurance. Finally, the magistrate gave Wife proceeds from the sale of the parties' hot tub to "offset" any profits to which she may have been entitled.

{¶ 20} This final assignment of error is overruled.

{¶ 21} Judgment affirmed.

BYRNE, P.J., and M. POWELL, J., concur.

### J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas, Domestic Relations Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge