OPINION
{¶ 1} Defendant-appellant, Robert Wilson, appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, in a divorce action brought by plaintiffappellee, Alice Wilson. We affirm the decision of the trial court.
 {¶ 2} The parties were married in 1984 and one child was born issue of the marriage. Appellant owns a one-half interest in Wilson Concrete Products, Inc., which he acquired prior to the marriage. His brother, David Wilson, owns the other onehalf interest and is president of the company. He is responsible for managing the business, including making most administrative and financial decisions for the company. Appellant is involved in the day-to-day operations of the company, traveling between different plants rebuilding concrete molds and transporting equipment and supplies. Appellant participates in personnel and financial decisions on a limited basis.
 {¶ 3} Appellee filed a complaint for divorce in September 2002. The parties agreed to stipulations which resolved parenting and most property division issues. The trial court adopted the stipulations and heard evidence related to spousal support, the characterization of appellant's interest in the company as separate or marital, and the method by which appellant would pay appellee her share of the property division. The trial court determined that Wilson Concrete Products, Inc. significantly increased in value during the marriage, due in part to appellant's labor. The trial court determined that this increase in value was a marital asset and divided the value between the parties. Appellant appeals this determination, raising a single assignment of error:
 {¶ 4} "The trial court erred in determining that the increase in value of Wilson Concrete Products, Inc. was a marital asset because said increase was not due to the labor of appellant."
 {¶ 5} In divorce proceedings, a trial court must first determine what constitutes marital property and what constitutes separate property. R.C. 3105.171(B). Once the trial court has determined the status of the parties' property, the trial court generally must disburse a spouse's separate property to that spouse and equitably distribute the marital estate. R.C.3105.171(B) and (C).
 {¶ 6} Because appellant sought to have the appreciation of the company characterized as his separate property, it was his burden to demonstrate, by a preponderance of the evidence, that the increased value was not attributable to his contribution to the company. Peck v. Peck (1994), 96 Ohio App.3d 731, 734. The characterization of the parties' property is a factual inquiry and the trial court's determination will not be reversed if supported by some competent, credible evidence. Barkley v.Barkley (1997), 119 Ohio App.3d 155, 159; Johnson v. Johnson
(Sept. 27, 1999), Warren App. No. CA99-01-001.
 {¶ 7} Having reviewed the record, we find that there is competent and credible evidence supporting the trial court's determination that the company's increase in value during the marriage was due in part to appellant's labor.
 {¶ 8} The statutory definition of marital property includes "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage [.]" R.C.3105.171(A)(3)(a)(iii). Consequently, an increase in the value of separate property caused by the contribution of either spouse, whether by monetary, labor, or in-kind means, is marital property subject to division. Middendorf v. Middendorf,82 Ohio St.3d 397, 400, 1998-Ohio-403. Conversely, the "[p]assive income and appreciation acquired from separate property by one spouse during the marriage" is separate property. R.C. 3105.171(A)(6)(a)(iii). Passive income is defined as "income acquired other than as a result of the labor, monetary, or in-kind contribution of either spouse." R.C. 3105.171(A)(4).
 {¶ 9} Appellant contends that the increased value of the company cannot be attributed to his labor as he was not involved in the management of the company. However, we find appellant's distinction between managerial and manual labor unpersuasive.
 {¶ 10} "Labor" is commonly defined as "[w]ork; toil; service; mental or physical exertion." Black's Law Dictionary (6 Ed.Rev. 1991) 874. While appellant may not have been intimately involved in the management of the company, he was admittedly involved with the day-to-day workings of the company during the marriage. He was responsible for repairing concrete molds, transporting items between locations, and at one point oversaw the reconstruction of a facility destroyed by fire. Appellant was also involved with making financial and personnel decisions, even if his role in this regard was limited. The record contains evidence that appellant's role in the company contributed to its growth and the resulting increase in value. Consequently, the trial court did not err in finding the increased value a marital asset subject to division. The assignment of error is overruled.
 {¶ 11} Judgment affirmed.
Young, P.J., and Powell, J., concur.